### SWIFT v. McKINNEY, Gdn.

No. 16875—Opinion Filed Dec. 21, 1926.

**1. Insane Persons—Guardianship—Restoration of Adult Ward to Competency—Jurisdiction to Enforce Settlement of Pending Claims.**

Section 1452, C. O. S. 1921, provides, in effect, that upon judgment of restoration of an incompetent to capacity, if such person be not a minor, the guardianship of such person shall cease. S. duly filed a claim in the county court in a guardianship proceeding, and on denial thereof, duly appealed to the district court. Pending such appeal a judgment of restoration to competency was rendered in favor of the adult ward, and the county court also made orders purporting to settle the accounts of, and to discharge the guardian and his bond, without, however, taking cognizance of the contingent claim of S. thus pending on appeal. Thereafter the district court dismissed such appeal on the ground that same abated by virtue of such order of restoration to competency—that the district court on appeal had no jurisdiction thereafter to hear and determine the claim of S. Held, that, whereas, under said statute, the county court, after such restoration, had no jurisdiction as to any further acts or additional orders pertaining to the guardianship of such person, under its plenary powers to require and enforce settlements of final accounts of guardians, the county court, by the Constitution and statutory provisions thereunto, retained or had continuing jurisdiction to require settlement of such contingent claim of S. in the manner provided by law, and the district court is invested with jurisdiction to review the action of the county court exercised under such continuing jurisdiction.

**2. Same—Contingent Claim Against Estate—Procedure for Settlement.**

There is no specific statutory provision in the chapter on guardian and ward for the ultimate settlement of a disputed claim against the estate of an incompetent person in the event the same be finally established. Under section 1478, Id., providing that such settlements must be made as provided by law concerning the estates of decedents, the procedure for the settlement of such contingent claim of S. is found in section 1348, Id., and other provisions of procedure pertaining to settlements of accounts of executors and administrators.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okfuskee County; Fred A. Speakman, Judge.

W. E. McKinney, as guardian of Saber Jackson, had judgment in the district court dismissing the appeal of George M. Swift from the county court. Swift appeals. Reversed.

Merrick A. Whipple, Joseph J. Rosenbloom, W. W. Pryor, Mark L. Bozarth, and Jos. I. Pitchford, for plaintiff in error.

White, Nichols & Harris, for defendant in error.

. Opinion by ESTES, C. Parties appear in the same order as in the trial court. In 1914, Saber Jackson, sui juris Indian, entered into a written contract with plaintiff, George M. Swift, attorney, appointing him as attorney in fact to collect certain oil and gas royalties and rentals out of the allotment of one Barney Thlocco, deceased Indian, and authorizing Swift as his attorney to prosecute actions for such purpose, for a contingent fee of one-half to be paid out of the recovery, purporting to assign an interest in the subject-matter as security for compensation. On November 8, 1919, said Jackson was duly adjudged incompetent, and defendant, W. E. McKinney, was appointed as his guardian in the county court of Okfuskee county. On November 25, 1919, said guardian executed another contract in writing with plaintiff ratifying such former contract and assignment, employing and authorizing Swift to prosecute all necessary actions and to compromise the claims of the ward in said Thlocco estate, subject to the approval of the county court, and assigning to Swift the contingent compensation for services

theretofore rendered and to be rendered, providing for a first lien on the subject-matter in favor of Swift and his associates. This contract was duly approved by order of said county court. On March 23, 1923, plaintiff filed in said cause his application for an order requiring defendant as guardian to pay plaintiff and his associates attorney fees and to reimburse for advancements. Plaintiff set out the prosecution of numerous actions and proceedings pursuant to the contract in the state courts, in numerous federal courts, and in the Department of the Interior, the details of which are unnecessary here to be recited. It was alleged that plaintiff and his associates had finally compromised the claims of defendant as guardian by which plaintiff had procured to be paid to the defendant, the sum of $50,000; that the estate had thus been augmented in the sum of $40,-000, one-half of which was claimed as fees due plaintiff and his associates, together with $5,000 expenses advanced. Claimant also asked for fees in the alternative on quantum meruit. Defendant McKinney as guardian filed response to said application setting up numerous defenses thereto, not necessary here to be detailed. On June 23, 1923, the county court rendered judgment denying and overruling the motion of plaintiff Swift and his associates for fees. On August 30, 1923, plaintiff duly lodged his appeal in the district court of Okfuskee county. On January 22, 1924, defendant McKinney filed his motion in said district court to dismiss said appeal upon the ground that, pending the litigation, said county court had duly dec'ared Jackson competent and had approved the final report of defendant McKinney as guardian and discharged McKinney and his bond, and therefore neither the district court nor said county court, as an original court in probate, had any other or further jurisdiction over the estate and could make no further orders therein. Plaintiff responded thereto, the details not being material here. On April 8, 1925, the appeal was heard in the district court and was dismissed on the ground that the same "did abate upon restoration of Saber Jackson to competency." Defendant introduced all the files in the probate proceeding. On June 23, 1923, and after plaintiff had filed said claim with the county court, defendant filed his annual report. On December 25, 1923, defendant filed a purported final report showing total receipts of $49,690.06 and disbursement of the same amount. Neither report took notice of plaintiff's claim. Each report showed no claims pending against the estate. On August 22, 1923, said annual report was approved. On November 22, 1923, the wife of Jackson filed application to restore him to competency, she and said defendant guardian waiving the giving of notice. On the same day the county court made an order sui juris in favor of Jackson, on which thereafter said appeal in the district court was dismissed. From said order and judgment of the district court, dismissing plaintiff's appeal, plaintiff has duly appealed to this court. No special mention need be made of the assignments of error, since they bring up the merits of the judgment in the district court upon the facts. Did the court err?

1, 2. Section 13, art. 7, of the Constitution of Oklahoma vests the county court with the general jurisdiction of a probate court and, among other powers, to appoint guardians and settle their accounts; to transact all business pertaining to the estates of persons non compos mentis, including the settlement, participation, and distribution of their estates. Section 1450, C. O. S. 1921, provides that such court, after full hearing, must appoint a guardian of the person and estate of one who is incompetent of taking care of himself and managing his property, with the powers and duties specified in the article on guardian and ward. Section 1452, Id., provides proceedings to determine restoration to capacity—that if it be found that the petitioner be of sound mind and capable of taking care of himself and property, his restoration to capacity shall be adjudged and the guardianship of such person, if such person be not an infant, shall cease. It is under this statute that the district court dismissed said appeal. Did the county court retain jurisdiction, after the judgment of restoration to capacity, to compel the guardian to settle his accounts, that is, to notice the claim of plaintiff, denied by the county court, but pending in the district court on appeal, and to provide for its payment if so adjudged, as a part of the settlement of the accounts? Paragraph 11 of section 1079, Id., on jurisdiction of county court in probate, among other things, empowers such court to control the conduct and settle the accounts of incompetents. Section 1443, Id., pertaining to the guardian's bond, provides, inter alia, that one condition of such bond, without being expressed therein, is that the guardian shall, at the expiration of his trust, settle his accounts with the county judge, or with the ward if he be of full age, or his legal representative, and "pay over and deliver all the estate, monies and effects remaining in his hands, or due from him on such settlement, to the person who is lawfully entitled thereto." Section 1478, Id., pro-

vides, inter alia, "that the accounting and the settlement of accounts must be had and made as provided and required by the provisions of law concerning the estate of decedents unless otherwise specifically provided herein." Section 1453, Id., provides that every guardian must pay all just debts due from the ward out of the personal estate and income of the estate if sufficient; and if not, then out of his real estate, upon obtaining an order for the sale thereof, and disposing of the same in the manner provided by law for the sale of real estate of decedents. There is no specific provision in the chapter on guardian and ward for the ultimate settlement of a disputed claim against the estate of an incompetent person in the event the same be finally established. We therefore look to section 1348, supra, dealing with accounts and their payment in case of estates of decedents, and providing, among other things, that the amount of such disputed claim, or such part as the holder would be entitled to if the claim were due and established, must be paid into court and there remain to abide the establishment of the claim or its denial. Miller v. Shelton, 115 Okla. 35, 241 Pac. 132, states that it is clear from the statutes that the county court must settle the accounts of guardians in the same manner and under the same proceedings that the accounts of executors and administrators are settled. Under said constitutional provision and construing said statutes together, we conclude that, upon the restoration of said ward to capacity, the jurisdiction of the court did cease as to any further acts or additional orders pertaining to "the guardianship of such person"; but the county court, under the plenary powers to it given so as aforesaid, retained or had continuing jurisdiction to require the settlement of said claim in the manner provided by law so as aforesaid. The cause being triable de novo on appeal in the district court, the jurisdiction of that court could not be ousted by the said restoration to capacity by the county court pending such appeal, since the county court could not oust itself of jurisdiction thereby, had its judgment of restoration to capacity been rendered prior to its judgment on the claim of plaintiff. These views are supported by Howe v. Tarloshaw et al., 103 Okla. 268, 225 Pac. 983, discussing the jurisdiction of the county court to require accounting between the guardian and ward after the ward in that case had reached his majority, holding:

"In the matter of settlement of a guardian's account the guardianship may be terminated by the majority of the ward or otherwise, but the court has jurisdiction to require and enforce settlements of final account of the guardian."

Among the authorities there cited and approved is Title Guaranty & Surety Co. v. Slinker, 35 Okla. 128, 128 Pac. 696, holding that it is within the province of a county court to require guardians to settle even after the letters of guardianship have been revoked. In that case the guardianship terminated by revocation of the letters, and in the instant case by restoration of capacity, but the continuing jurisdiction to compel settlement of accounts is the same.

Plaintiff also contends that the court erred in dismissing the appeal for that there was no motion given in the county court for hearing the final report or the hearing of restoration to capacity; that therefore, such orders of the county court were coram non judice. The court dismissed the appeal assuming that the order of restoration to capacity was valid. Since the court thus erred, assuming the order of restoration valid, it is unnecessary to hold that the court also erred because the order of restoration was invalid, or to determine its validity. Nor do we express an opinion upon the validity of plaintiff's contract or claim for compensation or the quantum thereof, because these questions have not been determined by the trial court.

Let the judgment be reversed, and the cause remanded for setting aside such order of dismissal and for further proceedings not inconsistent herewith and as by law provided.

By the Court: It is so ordered.

Note.—See under (1) 32 C. J. p. 677, §336 (Anno). (2) 32 C. J. p. 712, §448 (Anno).