## Z. D. CARSON v. STATE.

No. A-8393. Sept. 30, 1932.
(16 Pac. [2d] 265.)

W. E. Utterback and Phillips & Boner, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Bryan county of robbery with firearms, and was sentenced to serve a term of five years in the state penitentiary.

Defendant was charged with two others with holding up one N. Pendegraph on the highway with a pistol and taking from his person the sum of 50 cents, all that he had. The testimony for the state, while very brief, sustains the charge. The defense was alibi. Counsel who appear here did not represent defendant in the lower court.

The first contention made is that the court denied defendant's counsel a fair examination of prospective jurors and peremptory challenges. The record discloses that when the trial began the court directed the clerk to call a jury. There were not sufficient jurors not engaged in attendance, and the court then ordered the sheriff to summon eight talesmen to act as jurors. They were summoned, and their names placed in the box, and the trial proceeded. The court might have procured additional jurors by drawing from the box, by an open venire to be issued by the clerk, or by ordering the sheriff to summon talesmen. He followed the last method. See Allen v. State, 16 Okla. Cr. 136, 180 Pac. 564. Counsel who appeared for defendant at the time seemed to be of the opinion that the court was without authority to do this, and at considerable length interposed objections and challenges to the eight jurors in a body and to them individually. The court permitted a considerable record to be made, and after some time a colloquy between the court and the counsel for defendant ensued; finally the court directed counsel to take his seat and that he did not want to hear anything further from him. The court then directed the jury to be sworn. The trial judge was pro-

ceeding correctly in having the sheriff summon talesmen to complete the panel. Section 3518, Comp. St. 1921. See, also, sections 2657, 2658, 2659, 2665, Comp. St. 1921. Counsel, of course, had a right to make a record to preserve the question of the qualifications of the jurors. We cannot perceive from the record that counsel made any objection to any juror to try the case if qualified to serve on the jury nor seek by voir dire to show that any one of the talesmen called was not qualified, but by assuming disqualifications because of the manner in which he was summoned. This objection was repeated several times. The court was patient for some time, but finally spoiled a good record for patience by becoming testy at the close of counsel's objections. There is nothing in this point that prevented defendant from having a fair jury and a fair trial.

The only other point urged is that the transcript of the testimony of Pendegraph, the person alleged to have been robbed, was admitted in evidence without a sufficient predicate or showing the presence of the witness could not be obtained. The testimony of this witness at the preliminary was that he was a miner out of employment; that his home was near Miami, and he was on his way to Arizona to find work. He was tramping through the country with 50 cents in his pocket, carrying as his personal effects a pair of extra trousers wrapped in a package. The county attorney testified that before the trial he sent a telegram and a telephone call to the witness at Miami endeavoring to locate this witness, and also called the sheriff, the police station, and the retail merchants' association at Miami by long-distance telephone, and made inquiry and was advised he was in Joplin, Mo., and that he made a like effort to locate the witness there and was advised that nothing was known of the witness; that the

inquiry at Miami was made by his direction by a long-distance telephone operator. In view of the fact that this witness was unemployed and had no fixed abode, the same effort or attempt to locate would not be required as in the case of a witness who had a fixed place of residence and might reasonably be expected to be found. We conclude there was no error in admitting the transcript of this witness' testimony.

The case is affirmed.

CHAPPELL, J., concurs.

DAVENPORT, P. J. (dissenting). In dissenting from the opinion of the majority of the court, it is my opinion that there is not sufficient predicate laid to warrant the admission of the testimony of N. Pendegraph taken in the preliminary hearing; in other words, due diligence had not been shown by the state in order to secure the attendance of N. Pendegraph as a witness. Pendegraph stated in his direct examination in the preliminary trial that he had lived in Miami, Okla., off and on for at least fourteen years; that he was a miner; that he came to Bryan county about the date of the alleged robbery.

It is not contended by the state that it had a subpoena issued and sent to the sheriff of Ottawa county to be served on the witness Pendegraph. Roy Paul, county attorney, testifying as a predicate for the introduction of the transcript of Pendegraph's testimony taken at the preliminary hearing, stated he made an effort to locate the witness Pendegraph; he sent a telegram to Miami, and also called Miami over long distance and made inquiry, and stated:

"I was advised that Mr. Pendegraph was not in Miami; the last account I got of him he was in Joplin,

Mo., and I sent a telegram to Joplin, and also to the Retail Merchants' Association and was advised they knew nothing about this Pendegraph." On cross-examination, the county attorney stated he knew the witness Pendegraph; testified he had a wife and family; he learned the witness was gone; "I had not written the sheriff or county attorney of Ottawa county; I had a long-distance call to the sheriff of Ottawa county; I did not send any process to the Sheriff up there indorsed by the district judge; I did not talk to the sheriff over long distance; the operator called the sheriff and asked him if he knew anything about him; I have not written the sheriff, county attorney or chief of police up there."

No showing is made by the county attorney that he caused a subpoena to be issued for this witness, indorsed by the trial court, and sent to the officers of Ottawa county, or Joplin, Mo.; nor is there any showing made from the telephone or telegraph company that an effort was made to locate the witness, and that he could not be located in Ottawa county, or in the state of Oklahoma.

It is a well-established doctrine of this court that, where the testimony of a witness was taken in the preliminary trial, by the reporter in the presence of the defendant, and where the defendant had an opportunity to cross-examine the witness, and the court reporter filed with the clerk a transcript of the testimony, it is admissible where the witness is not present and cannot be found in the jurisdiction of the court, but, before this is done, it is necessary that the state show diligence in trying to secure the attendance of the witness by causing process of the court to be issued and properly indorsed by the trial court, and sent to the county where the absent witness gave his residence, and a return made showing that the witness could not be found in the county, or that there should be some evidence by parties living in the county who are in a position to know that the witness had left the place of

his residence in the county and gone without the state, or had gone to an address unknown to those who knew him.

I contend that the showing made by the state is insufficient to entitle the state to introduce the transcript of the testimony of the witness N. Pendegraph taken at the preliminary trial. It is highly important that due diligence be used and a showing made by the state that it tried to secure the attendance of the absent witness by a proper process of the court; otherwise, if a transcript is to be admitted by the court on oral testimony of the county attorney without showing he had used due diligence by causing process of the court to issue and sent to the county of the residence of the absent witness, it would deprive the defendant of his right to be confronted by the witness against him, and would cause the public prosecutors of this state to fail to use diligence through the process of the court to secure the absent witness, and thereby deprive the defendant of his right to be confronted by the witness in the presence of the court as provided by section 2349, Comp. St. 1921. The predicate laid by the state was not sufficient to authorize the admission of the evidence of the witness Pendegraph. The objection of the defendant to its admission should have been sustained. For the reason stated, the case should be reversed.