O'MEALEY, Adm'r, v. GRUM.

*100 P. 2d 265.*

No. 29449. Feb. 6, 1940.

Rehearing Denied March 19, 1940.

Falkenberg, Curran & Falkenberg, of Medford, for plaintiff in error.

Breeden & Breeden, of Medford, for defendant in error.

HURST, J. Plaintiff Grum filed a claim against the estate of R. L. O'Mealey, deceased, for services rendered by plaintiff to the deceased. Prior to his death the deceased had been declared incompetent, and the services were alleged to have been rendered pursuant to an oral contract with, or authorization by, his guardian. Defendant rejected the claim, and plaintiff thereupon brought this action under section 1239, O. S. 1931, 58 Okla. St. Ann. § 339. The trial court overruled defendant's demurrer to plaintiff's petition, demurrer to the evidence, and motion for a directed verdict, and rendered judgment for plaintiff on a verdict of the jury in his favor. Defendant appeals. The evidence, briefly stated, showed that the deceased was 94 years of age at the time of his death. For several years he had been almost entirely without mental capacity, although fairly strong physically. The wife of plaintiff, who was a daughter of deceased, was empoyed by the guardian to care for deceased as a housekeeper under a contract approved by the county court. It soon developed that deceased needed more attention, in a personal way, than she could give him and take care of the household duties. She and plaintiff were at that time living in the home of deceased. The guardian advised Mrs. Grum, in the presence of plaintiff, that the task was too great for her, and told her to get help, and he would see that it was paid for. He told plaintiff to take care of deceased and he would get his pay, and that the attorney for the pension department (deceased drew a pension as a Civil War veteran) said if it took the whole $100 a month pension to take care of him, to pay it. From that time on, being the period for which plaintiff claims compensation, plaintiff spent the greater part of his time looking after the deceased. There is no denial that he was faithful and efficient in the performance of his duties, or that the compensation claimed by him was excessive. That the services were necessary, and that they were rendered by plaintiff, is not seriously questioned.

1. Defendant's first contention is that a contract made by a guardian must have the prior approval of the county court in order to bind the estate of the ward, and that since plaintiff's contract did not have such approval, the estate is not liable thereon. In support of this assertion, he calls attention to Jones v. Johnson (1919) 72 Okla. 132, 178 P. 984, 21 A.L.R. 903; William Cameron & Co., Inc., v. Yarby et al. (1918) 71 Okla. 79, 175 P. 206, and Aubrey's Estate v. De Lozier (1927) 128 Okla. 79, 261 P. 192, and to the general rule stated in 12 R.C.L. 1128. Plaintiff does not question the correctness of the rule announced in these authorities, but says that the services performed by him were necessaries, for which the estate was liable under section 9402, O. S. 1931, 15 Okla. St. Ann. § 22, which provides that a person entirely without understanding may not make a contract of

any kind, but is liable for the reasonable value of things furnished him necessary to his support, and that therefore the contract under which the necessary services were furnished constitutes an exception to the general rule urged by defendant.

We are of the opinion that the position taken by the plaintiff is the correct one and is in accord with our decisions. Evans v. Harris (1916) 60 Okla. 27, 158 P. 898; Cotner v. Lon Jacobs Grocery Co. (1921) 84 Okla. 1, 202 P. 997; Pruitt v. Pilgreen (1936) 178 Okla. 608, 64 P. 2d 263. See, also, Bancroft's Probate Practice, sec. 1331; 28 C. J. 1114; Re Mires' Estate (Minn. 1916) 160 N. W. 187, L.R.A. 1917B, 676 and note. The rule deducible from these authorities is that the guardian may make a contract for necessities for the ward without prior approval by the county court, and the same may be made the basis for a claim against the estate of the ward, and is subject to the scrutiny of the county court as to whether the claim is for necessities and the charge is reasonable.

2. Defendant next contends that the failure of plaintiff to present his claim to the guardian and have it included in the guardian's final settlement precludes him from asserting it as a claim against the estate. The argument is that the services having been performed during the guardianship, by agreement with the guardian, the claim should have been approved and allowed by the guardian as a prerequisite to its validity as a claim against the estate. Defendant cites, as sustaining his position, Swift v. McKinney (1926) 123 Okla. 1, 251 P. 734, and Arnold v. Richardson, Adm'r (1923) 90 Okla. 220, 217 P. 381, but relies principally upon Greever v. Barker (Mo. App.) 223 S. W. 1087. While the facts in the Greever Case were in some respects similar to those in the present case, the decision turns upon a Missouri statute providing for allowance and settlement of claims upon the termination of a guardianship. In Swift v. McKinney, supra, the claim was filed with the guardian prior to the ward's restoration to capacity. The case of Arnold v. Richardson, supra, re-

lates to procedure on appeal, and is not applicable. We do not consider these cases decisive of the question. This court has repeatedly held that upon the death of the ward the rights and duties of the guardian, except the duty to file a final account, cease. Arnold v. Richardson, supra; City of Anadarko v. McKee (1923) 89 Okla. 166, 214 P. 700; Rogers v. Sewell et al. (1923) 164 Okla. 128, 23 P. 2d 191; In re Bohanan (1913) 37 Okla. 560, 133 P. 44. See, also, Bancroft's Probate Practice, sec. 1405.

The claim of plaintiff was not filed with, or presented to, the guardian, nor was it referred to in his final account. So far as the evidence shows, there had been no agreement between plaintiff and the guardian as to the amount of compensation plaintiff was to receive. Under the authorities above cited, we think that after the death of his ward the guardian was not authorized to agree on such amount and bind the estate for its payment. No sound reason is advanced, and none occurs to us, why the administrator and the county court, under the circumstances, could not pass upon the claim and protect the estate equally as well as the guardian and the same court. We think the trial court correctly held that plaintiff was entitled to file the claim in the administration proceeding. 32 C. J. 713; and Re Mires' Estate, supra.

3. Defendant next urges that as plaintiff was a son-in-law of deceased, living in the home of deceased at the time the services were rendered, the services were presumed to be gratuitous, and that there was no evidence to overcome such presumption. The general rule is that while such is the presumption, it is rebuttable. 32 C. J. 710. In the present case the evidence of plaintiff's employment was to some extent conflicting, but in our opinion the evidence that he was employed, and was to be paid for his services, was sufficient to justify submission of the question to the jury, and to sustain the verdict.

4. The last contention made is that the trial court erred in instructing the jury that if they believed from a fair preponderance of the evidence that

plaintiff was employed by the guardian to take care of deceased, and performed services under such employment, he should be allowed such sum as would reasonably compensate him therefor, but not exceeding the amount sued for, but if they did not so find and believe, their verdict should be for defendant. Defendant's objection is based on the invalidity of the agreement between plaintiff and the guardian because not approved by the county court. In view of our decision on this point, it is obvious that the objection is untenable.

Affirmed.

BAYLESS, C. J., and RILEY, CORN, and GIBSON, JJ., concur.