CHANDLER, Ex'r, v. CHAPMAN.

No. 29939.    May 20, 1941.

Rehearing Denied June 3, 1941.

*114 P. 2d 471.*

Melton, McElroy & Vaughn, of Chickasha, for plaintiff in error.

Ben Goff, of Chickasha, for defendant in error.

HURST, J. Plaintiff Chapman presented a claim to defendant Chandler, executor of the last will and testament of Will A. Mollet, deceased, for services performed and groceries furnished by plaintiff for decedent from January 1, 1937, to February 28, 1938, the date of his death. The claim was rejected and plaintiff instituted this action to establish it, pursuant to section 1239, O. S. 1931, 58 O. S. A. § 339. From a verdict and judgment for plaintiff, defendant appeals.

Plaintiff's wife was a daughter of decedent, who was stricken with paralysis in 1935. The wife of decedent died in 1935. Until May of 1936 one of his two sons lived with and helped care for him, but during the latter part of 1936 decedent was cared for only by help employed for that purpose. In the latter part of 1936, plaintiff and his wife moved from Chickasha to the farm of decedent and lived there until his death. Decedent was entirely helpless, and plaintiff and his wife furnished groceries, and with hired help took care of the farm and the housework, and attended upon and cared for him. Decedent was a large man, weighing some 250 pounds, and had to be lifted bodily from the bed when he desired to arise, and was taken out of the house in a wheel chair on frequent occasions. Plaintiff assisted in handling him both in the daytime and at night, and the extent and value of his services are not seriously disputed. The mentality of decedent seems to have been unaffected by his affliction, but on January 31, 1938, a guardian was appointed for him on the ground of physical incapacity, the petition reciting that he was bedridden and unable to speak due to paralysis of his entire right side.

Defendant makes three contentions; (1) That plaintiff's claim is barred because not made in the guardianship proceeding; (2) that the evidence does not establish either an express or implied contract, and therefore plaintiff's services are presumed to have been gratuitous; and (3) that the judgment is contrary to law.

1. Defendant's first contention is based upon Swift v. McKinney, 123 Okla. 1, 251 P. 734, in which case it was held that the county court, when an incompetent under guardianship had been decreed competent, was not divested of jurisdiction to pass upon and adjudicate a claim filed against such incompetent during the pendency of the guardianship. But we do not think the principles there announced apply in the present case. To hold that in all cases where a claim exists against a person under guardianship the death of the ward prior to the filing of the claim in the guardianship proceeding ipso facto operates as a bar to the assertion of the claim against the estate of the ward would in many cases be most inequitable. While section 1452, O. S. 1931, 58 O. S. A. § 803, requires the guardian to pay all just debts of the ward, it does not follow as a necessary conclusion that the death of the ward bars an assertion of a claim against the ward's estate. There is no statute fixing the time within which a claim against the ward must be filed with the guardian. We do not consider that plaintiff was guilty of waiting an unreasonable length of time because of his failure to

file his claim within the 28 days which elapsed between the appointment of the guardian and the death of the ward. No detriment to the estate of decedent, or advantage to plaintiff, is shown to have been occasioned thereby. As the amount to which plaintiff was entitled had not been agreed upon, and the guardian could not make such an agreement after the ward's death, the claim was properly filed with the executor. O'Mealey v. Grum, 186 Okla. 697, 100 P. 2d 265; Hyden v. Wilkinson, 187 Okla. 348, 102 P. 2d 887.

2. In support of his second contention defendant cites several cases from other states holding that one may not recover the value of services performed for a relative in the absence of an express contract, the services in such case being presumed to have been gratuitously rendered. This contention was decided adversely to defendant in O'-Mealey v. Grum, supra. Here, as in that case, the services were shown to be necessary, and were performed under circumstances which negatived the presumption. The evidence on this point was sufficient to present a question of fact for the jury, and to sustain the verdict for plaintiff. There is no contention that the verdict was excessive, or that the services and groceries furnished by plaintiff were not in fact furnished as testified to.

3. In connection with the last contention defendant complains that the trial court erred in permitting the plaintiff to testify that he had never been paid for the groceries or services furnished to decedent. The furnishing thereof had been established by other witnesses, and the trial court permitted plaintiff to so testify. We do not think the answer of plaintiff, which was in the negative, was violative of the rule announced in Pancoast v. Eldridge, 157 Okla. 195, 11 P. 2d 918. It did not tend to establish an implied contract between plaintiff and decedent, or relate to a transaction had by plaintiff with him. It was the very opposite of a transaction with the decedent. Ball v. Fleshman, 183 Okla. 634, 83 P. 2d 870.

4. Defendant contends that the judgment is contrary to law, and should be set aside, for the reason that it directs that execution issue, and provides for interest from the date of the judgment. Plaintiff concedes that execution could not be issued on the judgment, as it merely established the claim as an approved claim against the estate of decedent. Section 1245, O. S. 1931, 58 O. S. A. § 345. But such error does not necessitate a reversal. The allowance of interest was proper, as the judgment was in effect an allowed claim. See Bancroft's Probate Practice, § 854; Ross, Probate Law and Practice, § 359; Church on Probate Law (2d Ed.) vol. 2, p. 1060; In re Glenn's Estate, 74 Cal. 567, 16 P. 396.

The judgment is modified by striking therefrom the direction that execution issue, and as so modified is affirmed.

CORN, V. C. J., and RILEY, OSBORN, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and BAYLESS and GIBSON, JJ., absent.