CITY OF HOLDENVILLE v. DEER.

No. 30721. Jan. 12, 1943.

*132 P. 2d 928.*

C. H. Baskin, of Holdenville, for plaintiff in error.

White & White, of Eufaula, for defendant in error.

GIBSON, V. C. J. This is an action against the city of Holdenville to recover damages for the pollution of a stream. Verdict for defendant was set aside and new trial granted on plaintiff's motion, and defendant appeals.

According to the record and the briefs, the motion was sustained on the sole ground that plaintiff was prevented from having a fair trial as a result of the alleged irregular or illegal selection of additional jurors to supplement the regular panel for the trial.

The record shows that immediately prior to the trial the regular panel was found to be insufficient, and the court, by oral order and without the knowledge of the plaintiff, directed the court clerk and the sheriff to summon ten additional jurors, their selection to be made by drawing their names from the box containing the duly prepared jury lists. But only those jurors residing in or around the city of Holdenville were to be summoned.

The ten additional jurors were selected accordingly. In the process of selection the names of other jurors who did not reside in or near Holdenville were drawn, but these names were replaced in the box and not used. The result was that all the ten additional jurors were residents of the defendant city.

The plaintiff charged that the process so adopted was irregular and contrary to the statute in that the clerk and sheriff should have selected the first ten names drawn and summoned those only, instead of deliberately selecting only the names of jurors residing in or near Holdenville and discarding those who resided elsewhere in the county.

In restricting the additional jurors to be called to those residing in or near

Holdenville, the court was prompted by the condition of the roads, which were then impassable on account of heavy rains.

Plaintiff charged that as a result of the alleged illegal drawing she was compelled to try her cause before a jury made up of an unwarranted number of citizens of the defendant city; that had the names been selected from the county at large, a lesser number would have been called from Holdenville, and as a result she could have made her peremptory challenges more effective in decreasing the number of such citizens on the jury. She charged that by reason of the unusual number of Holdenville citizens called, her peremptory challenges were exhausted in an attempt to remove as many thereof as possible, but was unable to so reach five of such citizens, all of whom remained on the trial jury. All of these circumstances, it is alleged, resulted in undue prejudice to plaintiff's cause.

The authority of the trial court to have additional jurors summoned is controlled by 38 O. S. 1941 § 4, 5. Section 4, which deals with the drawing of juries, provides that additional and other drawing of as many names as the court may order may be had at any time for the completion of the jury panel during any term of court where, for any cause, the court in its discretion shall deem other jurors necessary.

And said section 5 provides that when, for the trial of any cause, the regular panel shall appear to be insufficient, the jury may be completed from talesmen, or the court may direct an open venire to the proper officer for such number of jurors as may be deemed necessary, to be selected from the body of the county or from such portion of the county as the court may order.

The above sections provide three methods for obtaining jurors in addition to the original regular panel. First, additional names are drawn from the box by the clerk and the sheriff in the manner provided by section 4, above. Jurors so selected become members of the regular panel for the term. Second, talesmen may be summoned by direction of the court. These jurors come from bystanders and may be used to make up the regular panel. 35 C. J. 290-291, § 270. Third, special veniremen, summoned by the sheriff or other proper officer in response to a judicial writ known as open venire, directing such officer to summon such number of jurors as the court may designate, to be selected from the body of the county, or from such portion of the county as the writ may order. These special veniremen may also be used to make up the regular panel. 35 C. J. 257, § 203. The Criminal Court of Appeals has held that under the above statutes it is within the discretion of the trial court to enlarge the panel by an additional drawing of names from the jury box or to direct the clerk to issue an oper. venire to the sheriff or to order the sheriff to summons sufficient talesmen to complete the panel. Carson v. State, 54 Okla. Cr. 104, 16 P. 2d 265. We think· that a correct statement of the law.

Here, the court directed the clerk and sheriff to supply ten jurors by drawing their names from the jury box, but to call only those who resided in or near Holdenville. In so doing the court did not overstep its discretionary power conferred by statute. It was authorized to call for additional jurors from the county at large or from a designated portion of the county to augment the original petit jury panel theretofore called and which had become insufficient. And that is what the court did in this case. The act of the clerk and the sheriff in selecting from the jury box, pursuant to order of court, only those names of jurors residing in a particular portion of the county could work nc greater hardship on the litigants than would the sheriff's personal selection of jurors on open venire from the same section of the county, or his personal selection of talesmen.

There may have been an unusual number of Holdenville citizens on the trial jury as a result of the method employed in the selection of additional

jurors. Of the twelve jurors ten were from the regular panel; only two from the special venire. But the process was not improper, and the condition thereby brought about is not a legal detriment to a fair trial. Citizens of a municipality are not disqualified as jurors in an action against the municipality merely by reason of such citizenship. 12 O. S. 1941 § 572.

The record in this case shows a substantial compliance by the court and officers with the statutes pertaining to the selection of additional jurors, and that fulfills the requirements of the law, unless there was some irregularity that resulted in depriving plaintiff of some substantial right. 38 O. S. 1941 § 13. Assuming that plaintiff presented her objections in due time (§ 13, supra), there was no actual irregularity in calling the jurors, for, as said above, the court did no more than the law authorized it to do.

It appears that the verdict in this case was set aside solely on the ground that the additional jurors were improperly selected and that such selection resulted in an unwarranted number of Holdenville citizens on the jury whose interest as taxpayers was assumed to be more or less favorable to the city, thus placing upon the plaintiff an unequal and hazardous burden, and therefore depriving her of a substantial right.

In so holding the trial court erred in regard to a pure, simple, and unmixed question of law. There was no substantial irregularity in selecting the additional jurors. And we cannot presume that the jurors were prejudiced by their interest as taxpayers. The personnel of the jury was merely one of the usual and ordinary hazards confronting any litigant in the trial of a lawsuit. There is nothing in the record to indicate that the trial court was dissatisfied with the verdict for any cause other than the manner in which the additional jurors were called and the presumed prejudicial effect thereof.

It follows that the order sustaining the plaintiff's motion for new trial must be set aside under the rule stated in Dillard v. Star Drilling Machine Co., 180 Okla. 14, 66 P. 2d 928. It reads as follows:

"An order and judgment of the trial court, sustaining a motion for a new trial, will be reversed where the record shows that the action taken was based solely upon an error in respect to a pure, simple, and unmixed question of law."

The judgment of the trial court is reversed and the cause remanded, with directions to reinstate the verdict for defendant and enter judgment accordingly.

CORN, C. J., and RILEY, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. OSBORN, J., concurs in conclusion. HURST, J., dissents.