In re GOODIN'S ESTATE.

No. 32102. March 5, 1946.

Rehearing Denied Nov. 26, 1946.

174 P. 2d 375.

Paul W. Updegraff and Justin Hinshaw, both of Norman, for plaintiffs in error.

A. H. Huggins, of Norman, and Herman E. Lautaret, of Muskogee, for defendants in error.

PER CURIAM. This is an appeal prosecuted by G. H. Cobb, administrator of the estate of John W. Goodin, deceased, and J. R. Goodin, Thomas Goodin, and Edith McNeese, nee Goodin, heirs and children of the deceased, from a judgment of the district court ordering the sale of certain premises belonging to the estate of deceased, to satisfy claims which were approved by the administrator then in charge of the estate and allowed by the county court in the administration proceeding.

The record discloses that J. W. Goodin, then a resident of Cleveland county, died intestate on March 4, 1922. He left surviving him a wife, Minnie Goodin, and four minor children ranging from two to ten years of age. On May 3, 1922, Russell Caldwell was appointed administrator of his estate, was later removed and William Synott was appointed administrator and was the ad-

ministrator who approved the claims here involved. Mr. Synott was later removed, his successor was appointed and was also removed and G. H. Cobb was finally appointed administrator of the estate and is the present administrator.

Shortly after the death of Mr. Goodin his wife was arrested and placed in jail charged with his murder. She employed attorneys to defend her and in order to secure their fee assigned to them her one-third inheritable interest in the land above mentioned. She was thereafter tried by a jury and acquitted. On the 20th day of March, 1922, J. H. Goodin, grandfather of the minor children and father of deceased, was by the county court appointed guardian for the minor children. Shortly after his appointment he filed an application in the guardianship proceeding for an order permitting him to borrow money for the purpose of purchasing for and on behalf of the minor children the widow's one-third inheritable interest in and to the premises to use such funds for the purpose of paying off and discharging the claim of the attorneys employed by Mrs. Goodin to defend her. The fee claimed was $1,250. This order was granted by the county court. Mr. Goodin, as guardian, borrowed that amount and with the consent of Mrs. Goodin paid the same to her attorneys in satisfaction of their fee. Mrs. Goodin then executed a deed to the minors to her inheritable interest in the premises and the attorneys for Mrs. Goodin executed a quitclaim deed thereto.

In the early part of 1924, J. H. Goodin, guardian for the children, filed a claim with the administrator of the estate of J. W. Goodin, deceased, for the amount borrowed and advanced by him to purchase the interest of Mrs. Goodin in the land and in addition thereto a claim for $1,000 for the support of the minor children from the date of the death of the deceased up to the time of the filing of the claim. In the year 1925 he filed with the administrator an additional claim in the sum of $750 for money alleged to have been advanced for the support of the minor children. These claims were approved by the administrator and allowed by the county court in the administration proceedings.

Some time thereafter, the exact date not being shown by the record, John H. Goodin, guardian of the children, died, and his son, B. H. Goodin, was appointed administrator of his estate, and on the 11th day of May, 1944, filed an application in the county court in the administration proceeding for an order authorizing the sale of the premises for the purpose of satisfying such claims. Appellants filed objections to the granting of such order. The county court, upon hearing, denied the application. An appeal was taken by the administrator of the estate of J. H. Goodin, deceased, to the district court, where, upon trial de novo, the order of the county court was reversed and an order entered directing the land involved to be sold to satisfy the claims and the cause was remanded to the county court for further proceedings.

The record discloses that the premises ordered sold for some time constituted the homestead of Mr. and Mrs. Goodin, but was abandoned as such prior to the death of Mr. Goodin and was not set aside to the surviving widow and minor children as a homestead in the administration proceeding.

Appellants contend that the court erred in ordering the sale of the premises to satisfy the claim here involved for the reason that such claims did not constitute a charge against the estate of deceased; that such claims did not represent an indebtedness incurred by or for deceased during his lifetime nor were they such claims as were authorized by the statute to be paid by the administrator out of the estate of deceased. This contention, in our opinion, is well taken. An administrator is without authority to allow or pay claims out of an estate of deceased unless they consist of debts incurred by or for deceased during his lifetime or are such claims as the administrator is

authorized by statute to pay out of the estate of deceased. In 34 C. J. S. p. 94, sec. 367, it is said:

"Obligations incurred by decedent during his lifetime may in general be presented in the modes pointed out by local statute, against his executor or administrator and be duly enforced against the estate; . . . As otherwise stated, the only demands which can be made against the estate, as such, are those which become charges through some act of the decedent or are expressly made so by statute."

Counsel for appellees rely in the main upon the case of O'Mealy, Adm'r, v. Grum, 186 Okla. 697, 100 P. 2d 265. This case, however, has no application to the facts here presented. In that case deceased was adjudged incompetent and a guardian for his estate appointed. The guardian employed claimant to take care of deceased during his lifetime. Upon the death of deceased claimant presented his claim for such services to the administrator of his estate. The claim was rejected by the administrator and action was brought to recover on the claim. It was contended, among other things, that such claim was not a proper claim against the estate of deceased but should have been presented and allowed in the guardianship proceedings. We held the claim to be a proper claim against the estate of deceased. In that case it will be noted that the service rendered, and for which the claim was presented, was performed for the deceased during his lifetime, and the claim was therefore a proper claim against his estate. If in this case one of the wards had died and an administrator had been appointed for his estate and the guardian had presented his claim to such administrator, the case would be in point, but it has no application to and is not in point in the instant case. Appellees also cite the cases of Cotner v. Lon Jacobs Grocery Co., 84 Okla. 1, 202 P. 997, and In re Boyes' Estate, 151 Cal. 176, 90 P. 454. These cases do not touch the point here under discussion.

It is further argued by appellees that the claims allowed constituted a proper charge against the inheritable interest of the minor heirs of deceased in the premises, and that since the administrator at all times has remained in possession of the estate, he had authority to approve and the court had the authority in the administration proceeding to allow the claims. We do not agree. Since the claims did not constitute debts incurred for or on behalf of J. W. Goodin, deceased, during his lifetime, neither the administrator nor the court was authorized to approve or allow such claims as an indebtedness against his estate, or against the inheritable interest of the minor heirs in the premises. Such claims could only have been allowed the guardian by the county court in the guardianship proceeding as provided by 58 O. S. 1941 § 806.

The record discloses that the administration proceedings have been pending in the county court for more than 20 years. No proceeding has ever been taken to close the estate. No reason for this delay is shown by the record. The guardian may have had a remedy in the guardianship proceedings, 58 O. S. 1941 §§ 613 and 631, to require the administrator to render his final account and distribute the estate and to proceed to establish and enforce his claim in the guardianship proceeding.

The claims presented to the administrator and allowed by the court in the administration proceeding did not constitute proper claims against the estate of deceased and the trial court committed error in ordering the premises sold to satisfy such claims.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.