PIGGEE v. MERCY HOSPITAL.

No. 33013.   Nov. 18, 1947.

*186 P. 2d 817.*

B. C. Franklin, of Tulsa, for plaintiff in error.

Frank Hickman, of Tulsa, for defendant in error.

412

LUTTRELL, J. This is an action by plaintiff, Mercy Hospital, to recover for services rendered the defendant, Myrtle Piggee. The action was originally begun in the justice court and was appealed and tried de novo in the court of common pleas for Tulsa county. At the conclusion of all the evidence plaintiff moved for a directed verdict, which motion was sustained and judgment rendered for plaintiff for the full amount sued for. Defendant appeals.

Defendant makes two contentions: First, that there was no contract between plaintiff and defendant for the rendition of such services and that the trial court erred in holding that there was an implied contract; second, that the question of the value of the services rendered by plaintiff was a question for the jury, although the evidence of the value of such services was undisputed.

As to the first contention, the evidence shows that defendant was injured in a collision between a bus upon which she was riding and a streetcar; that the motorman of the bus called an ambulance and the streetcar motorman directed that defendant be taken to Mercy Hospital; that defendant remained in said hospital and received treatment for two days, at the expiration of which time she went home and employed a private physician of her own choosing; that thereafter she made two additional visits to the hospital to receive treatment. She testified that she was unconscious at the time she entered the hospital; that if there was any discussion as to the charges to be made for the services she had no recollection of it, and that she made no agreement whatever to pay for the services. She further testified that she never received a bill for the services rendered, although the testimony for plaintiff was that bills were sent to her. From the evidence it appears that the hospital sent the streetcar company a copy of its statement for services, but there is no evidence that this was done on the theory that the streetcar company was liable to the hospital therefor. It also appears

that the physician who owned and operated the hospital testified as a witness for the defendants in the trial of the case brought by Myrtle Piggee against the streetcar company and the bus company jointly.

Defendant asserts that from this evidence it conclusively appears that there was no contract between plaintiff and defendant, and that defendant had the right to believe that said services were gratuitous, and that plaintiff never intended to look to her for payment. There is no showing, however, that plaintiff was entitled to receive, or attempted to collect, payment from any other source, and we think the evidence sufficient to justify the trial court in holding, as a matter of law, that there was a contract implied in law for the payment of the services rendered.

In First National Bank v. Matlock, 99 Okla. 150, 226 P. 328, 36 A.L.R. 1088, we held such a contract valid and enforceable. In the opinion we quoted from 13 C.J. p. 243, as follows:

"Contracts implied in law, or more properly quasi or constructive contracts are a class of obligations which are imposed or created by law without regard to the assent of the party bound, on the ground that they are dictated by reason and justice and which are allowed to be enforced by an action, ex contractu."

The statement made in the above quotation is the general rule. See 17 C.J.S. p. 322, §6; 12 Am. Jur. p. 502, §6. In the instant case there is no evidence of any fact or circumstance, or any statement made by the hospital authorities, from which any inference might be drawn that defendant was not expected to pay for such services. She had no reason to assume that they were gratuitous.

In 71 C.J. p. 44, section 9, it is said that the acceptance of valuable services and materials "raises a presumption of intent to pay, or that the services were to be compensated, or a presumption of legal liability, and, while such presump-

tion is not conclusive, it is sufficient to throw upon the person contesting liability the burden of showing an agreement or other circumstances indicating that the services were to be gratuitous."

In the absence of any such facts or circumstances, we hold that defendant had no reason to assume or believe that the services rendered by plaintiff were gratuitous, and that the evidence conclusively establishes an agreement implied by law that defendant would pay the reasonable value of such services. This contention of defendant may not be sustained.

We think, however, that the second contention made by defendant, that the value of the services rendered was a question which should have been submitted to the jury, regardless of the fact that plaintiff's evidence of the value thereof was undisputed, is well taken, and that the failure of the trial court to submit this question to the jury under proper instructions requires reversal. Defendant denied the debt. The only testimony on the subject was given by Dr. Sisler, owner of the hospital, who testified that "They are the usual, regular, and reasonable charges for the services rendered."

Plaintiff's motion for an instructed verdict reads as follows:

"Comes now the plaintiff and moves the court to instruct the jury to return a verdict for the plaintiff for the sum of $103.15, the amount sued for. In the alternative, the plaintiff also moves the court to instruct the jury to return a verdict in favor of the plaintiff for such amount as they find is the reasonable value of the plaintiff's services, thereby leaving to the jury the question of the determination of only the reasonable value of the plaintiff's services."

The procedure suggested in the second or alternative part of the motion should have been followed by the trial court. This for the reason that, in the absence of an express agreement, the benefit conferred by services rendered and the reasonable value of such services are questions to be determined by the jury.

In Brownlee v. Board of Commissioners of Kingfisher County, 148 Okla. 280, 298 P. 598, we said:

"Expert testimony as to the value of attorneys' services is only opinion evidence, and is not conclusive as to the facts involved.

"A jury has a right to take into consideration all the facts and circumstances surrounding said transactions; consider the reasonableness or unreasonableness of the testimony admitted; hear said testimony and give it such weight and value as in the judgment of the jury the same should be given, and then to draw their own conclusions as to the ultimate result to be determined. Such issue as to what would be a reasonable attorney fee for the services rendered is an issue of fact to be determined by the jury from all the evidence. The admissibility of testimony of expert witnesses is a question of law for the court. The weight and credibility to be given such opinions are questions for the jury alone to determine."

In Fowle v. Parsons, 160 Iowa, 454, 141 N.W. 1049, 45 L.R.A.(N.S.) 181, the Supreme Court of Iowa stated the principle as follows:

"Although the evidence of plaintiff and his expert witnesses, in an action by a physician to recover compensation for professional services, is undisputed as to the value of such services, the jury must be permitted to determine the question of value, and cannot be directed to return a verdict for the amount claimed."

Numerous cases supporting the rule announced in the Iowa case are contained in a note in 45 L.R.A. (N.S.) 181. In 53 Am. Jur. p. 167, §196, the general rule is stated as follows:

"The testimony of experts as to the value of professional services is not conclusive upon the jury. Thus, in an action by a physician to recover compensation for professional services, the question of the value of the services is for the jury, even where the evidence of the plaintiff and his expert witnesses as to the value of the services is undisputed."

The reason for the rule is that while the testimony of an expert witness may not be arbitrarily rejected, it may be weighed by the jury in the light of their knowledge and experience, and if, when so weighed, it is found at variance with their knowledge or experience, they may accord it such weight as they deem proper in determining the value of services rendered. Such evidence, although standing alone, is not conclusive, and does not justify the refusal of the trial court to submit that question to the jury. By its action in the instant case, the trial court held that such evidence was conclusive, and in so doing erred.

Reversed, with directions to grant a new trial.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, and ARNOLD, JJ., concur.