STRICKLAND et al. v. HOWARD.

No. 34601. Sept. 30, 1952.

Rehearing Denied Feb. 10, 1953.

*253 P. 2d 158.*

O. J. Roberts, Oklahoma City, W. Custer Service, Edmond, and Judson H. Pierce, Perry, for plaintiffs in error.

Henry S. Johnston, Perry, and Joe W. Howard, Muskogee, for defendant in error.

BINGAMAN, J. This action was brought by plaintiff, Lena Howard, against H. A. Johnson and others, on a written contract wherein Johnson agreed to pay her the sum of $10,000 for services performed by her in nursing and caring for him at her home from and after the year 1940. The contract was dated December 7, 1946. Johnson died in March, 1947, and the cause was revived in the name of his administrator, L. E. Plumer. Plaintiff filed a claim with the administrator on the written contract which was rejected and an amended petition was filed in the case by plaintiff, in which she sought to establish the rejected claim. The trial court submitted the matter to a jury which returned a verdict for defendants and thereafter the trial court sustained plaintiff's motion for a new trial. Defendants appeal.

From the record it appears that Johnson was severely injured in an automobile accident in 1940, and was brought to the home of plaintiff; that he made arrangements for his room and board, paying therefor the sum of $30 per month, and that he remained there until stricken with a cerebral hemorrhage in November, 1946, while he was in the home of a relative in Edmond, Oklahoma. When he was first brought to the home of plaintiff he was bedridden for a considerable length of time and plaintiff nursed him, ministered to his needs, both by day and by night, and assisted him in the handling of his business affairs. It appears that Johnson was at that time nearly 80 years of age and that in the period of time from 1940, until his last illness in 1946, he received injuries in three other automobile accidents, each of which incapacitated him for a certain length of time, during which periods plaintiff nursed him and cared for him, at times having to feed him with a spoon because of injuries to his mouth and teeth. After he was stricken with his last illness his relatives in Edmond came to the city of Perry, where plaintiff resided, and took from Johnson's safe in her residence a sum of money, $4,000 of which they paid to plaintiff. After Johnson was stricken with his last illness plaintiff had the contract involved in this action prepared by her lawyer and executed by Johnson, in which Johnson recited that she had never been paid for the nursing and attendance on him due to his injuries, and that because of such services she was entitled to and should receive from his estate the sum of $10,000. Plaintiff's witnesses testified at length to the nature and extent of the services she rendered to Johnson, and several also testified that they were present when Johnson signed the contract, and that he was mentally competent at that time. Testimony of his physician and of a half-brother who was also a physician and who visited him during his last illness, was that he was generally under the influence of opiates and was not mentally competent.

After the various witnesses had testified as above set forth, plaintiff's attorney placed plaintiff on the stand and after certain preliminary questions had been asked, counsel for defendants objected to the competency of plaintiff to testify "to any transaction or communication with H. A. Johnson" by reason of the prohibition of the statute, 12 O.S. 1951 § 384. Plaintiff's attorney made no offer of proof, and asked the witness no further questions except that he asked her to state her age, to which the court sustained an objection that the question was incompetent, irrelevant and immaterial.

After the verdict of the jury and the judgment of the court thereon, plaintiff in due time filed a motion for new trial, which was sustained by the trial court. The sole reason given by the court for the sustaining of such motion reads as follows:

"The Court: The new trial is granted on the ground and for the reason the Court is of the opinion that he erred in not permitting the witness, (plaintiff), to testify as a witness in her behalf to the services performed by her and as to the probable value of them."

Defendants urge that the sustaining of the motion for new trial, for the reason given by the trial court, was a pure unmixed error of law, and that in such case this court will reverse the ruling of the trial court where the record clearly shows that the error was purely one of law. Plaintiff contends that the action of the trial court was not error of law, but that where other witnesses had testified to the services rendered by plaintiff, she was not within the prohibition of the statute, but could testify to the services rendered and the value thereof. In support of this contention they call attention to Ward v. Ward, 189 Okla. 609, 119 P. 2d 64; Robitaille v. Mumaugh, 167 Okla. 339, 29 P. 2d 602, Chandler v. Chapman, 189 Okla. 108, 114 P. 2d 471, and Ball v. Fleshman, 183 Okla. 634, 83 P. 2d 870.

Examination of the cases cited by defendants discloses that the question presented in the instant case was not involved in those cases. Thus in Ward v. Ward, we held that the widow of the deceased, who was a defendant in the action, could testify as to the amount of her individual money which went into the purchase price of lands standing in her name and her husband's name jointly. In Barry v. Hubbard, 195 Okla. 112, 155 P. 2d 512, we held that where the plaintiff attempted to prove that an assignment of insurance policies made by her husband was given to secure the sum of only $400 the defendant could testify in rebuttal as to the amount of money which she claimed the policies were given to secure. In Chandler v. Chapman, we held that the plaintiff could testify that he had not been paid for necessaries furnished by him to deceased where the furnishing of such necessaries had been established by the testimony of other witnesses. In Robitaille v. Mumaugh, the opinion states that the testimony of plaintiff was limited strictly to a recital of the services performed and the reasonable value thereof and that no testimony was offered relating to a transaction or communications had with the deceased.

These authorities, in our judgment, have no bearing upon the question presented in the instant case.

In Pancoast v. Eldridge, 157 Okla. 195, 11 P. 2d 918, we held that the statute prohibited the plaintiff from testifying as to labor and services performed by him for the deceased, and expressly overruled the case of Sinclair v. Stringer, 80 Okla. 218, 195 P. 771, which held to the contrary. While the statement in Robitaille v. Mumaugh, supra, appears to the contrary to the decision in Pancoast v. Eldridge, no authority is cited in support of the statement, and it was in effect overruled by Hartsell v. Davis, 175 Okla. 446, 53 P. 2d 261, and Mitchell v. Koch, 193 Okla. 342, 143 P. 2d 811. In each of those cases we held that the plaintiff could not testify as to the services performed by him for defendant and the value thereof for the reason that it

76

was an attempt to establish indirectly a transaction with the deceased so as to bind the deceased to an implied contract to pay. While the claim of the plaintiff here is based upon a written contract, we are unable to see where that fact would render her competent to testify.

The case of Pancoast v. Eldridge, supra, has been consistently followed by this court, the last opinion on the subject being Oklahoma Transportation Co. v. Owens, 204 Okla. 77, 226 P. 2d 946, in which the rule announced in Hartsell v. Davis and Pancoast v. Eldridge was expressly approved.

In the instant case the objection to the competency of plaintiff went only as to transactions or communications with the deceased. Since her attorney made no offer of proof and made no effort to further examine her, it is apparent that her testimony would have involved communications and transactions with the deceased. At least, there is nothing to the contrary in the record.

It is an established rule in this court that an order sustaining a motion for new trial will be reversed where the record shows that the order was based solely upon an error in respect to a pure, simple and unmixed question of law. McGlone v. Landreth, 200 Okla. 425, 195 P. 2d 268; City of Holdenville v. Deer, 191 Okla. 691, 132 P. 2d 928.

It follows that the trial court erred as a matter of law in sustaining the motion for a new trial for the reason given by it.

Reversed, with directions to overrule the motion.

HALLEY, V.C.J., and WELCH, DAVISON, and JOHNSON, JJ., concur. ARNOLD, C.J., and CORN, GIBSON, and O'NEAL, JJ., dissent.