## LINKER et al. v. SAVAGE.
### No. 35496.

Supreme Court of Oklahoma.

Jan. 27, 1954.

James H. Mathers, James C. Mathers, Coalgate, for plaintiff in error.

Paul & McPheron, Durant, for defendants in error.

O'NEAL, Justice.

This action was brought by Hubert Linker, plaintiff, by Maud Savage, his sister and next friend, to recover on quantum meruit for work and labor. It was brought against John R. Linker and Ada Linker. John R. Linker was the father of Hubert Linker, and Hubert Linker lived with his father and mother from his birth, April 16, 1903, until his mother died in 1914. His father remarried and he lived with his father and stepmother until August 7, 1950. The suit was for $1 per day for work and labor done and performed from the day plaintiff reached his majority in 1924 until August 7, 1950. Judgment was entered on the verdict for plaintiff for $4,000. In the judgment the trial court impressed a lien upon 80 acres of land owned by John R. Linker and Ada Linker. Defendants demurred to the petition of plaintiff and objected to the introduction of any evidence on the ground that the petition failed to state a cause of action.

The evidence discloses that Hubert Linker and his sister Maud and his brother Foster, who financed the suit in the case under consideration, were the eldest children of twelve children by the first wife of John R. Linker. There were six children by the second wife. Hubert lived most of the time with his father but spent several years between 1939 and 1950 with his sister Maud and two years with a sister in Tulsa. He also made a trip to California for the purpose of residing with another sister but remained only a short time. The record discloses there had been several family conferences or consultations in which it was discussed where Hubert should live. Finally in August of 1950, John and Ada Linker sold their farm of 80 acres and at that time the father informed Maud that he was unable to keep Hubert any longer.

There is evidence introduced in the record, both lay and medical, to establish that Hubert Linker is mentally incompetent. We shall assume for the purposes of this opinion that the evidence supports that plaintiff is incompetent or at least incapable of making contracts.

Defendants rely on 10 O.S.1951 § 16, which is as follows:

"Where a child, after attaining majority, continues to serve and to be supported by the parent, neither party is entitled to compensation in the absence of an agreement therefor."

In submitting the case to the jury the court stated:

"You are instructed that in this class of cases our Statutes provide:

" 'Where a child, after attaining majority, continues to serve and to be supported by the parent, neither party is entitled to compensation in the absence of an agreement therefor.'

"Now in this connection you are instructed that should you find by a preponderance of the evidence in this case that the condition of the mind of the plaintiff, Hubert Linker, since attaining the age of majority, which is 21 years of age, has been such that he was not completely without understanding and was not capable of looking after his own business, then he would be incapable of making a contract and the above quoted statute would not apply."

The theory of plaintiff is advanced in the following language:

"So, therefore according to the uncontradicted testimony of Dr. Cody, this person was incapable of entering into a contract and according to the testimony of all the numerous witnesses, he was capable of rendering valuable services, and did render valuable services to the defendants, his father and his step-mother and, therefore, Title 10, Section 16, of O.S.A., would not apply and the common-law rule that a laborer is worthy of his hire and should be paid for reasonable services performed, would apply. * * *"

Not a single case cited by plaintiff supports any such statement. Independent research has failed to disclose any case or rule that suggests this to be the law. We have not found any case which discusses the right of an incompetent to recover for wages and services from his parents where he lived with them from birth through a number of years of majority. Plaintiff cites Piggee v. Mercy Hospital, 199 Okl. 411, 186 P.2d 817; O'Mealey v. Grum, 186 Okl. 697, 100 P.2d 265, 130 A. L.R. 110; and Juckes v. Rogers, 206 Okl. 663, 246 P.2d 335. A casual examination of these cases discloses that they are not in point. Neither are they helpful in arriving at the rule to be applied in the case under consideration. It is argued that the above statute is abrogated by reason of a lack of legal ability on the part of Hubert Linker. It could just as well be argued that a stronger presumption arises in favor of the parents because of the presumed burden due to the unfortunate condition of the offspring.

In Eatmon v. Penland, 119 Okl. 180, 249 P. 387, 389, we discussed the rule in Hapke v. Hapke, 93 Okl. 180, 181, 220

P. 660, wherein we applied the provisions of 10 O.S.1951 § 16. Therein it is stated:

"If, as was determined by this court in the Hapke Case, supra, the performance by a child, after attaining majority, of beneficial service to his parents implies no promise on the part of the parent to pay for such services, then, in the absence of an express agreement, the performance of such service could not support a promise subsequently made to pay therefor. The fact that the parents may have been benefited by services for which they incurred no legal liability is not a sufficient consideration for a promise made afterwards to reimburse the child for such services.

"The particular vice in the instruction requested by the plaintiff is that it assumes the parent is legally obligated to pay for the service, merely because he is benefited thereby, and overlooks the legal principle that a parent may be benefited by services performed by a child after attaining majority without incurring any legal liability."

If no legal liability can be created except by express contract there can be no legal liability created in favor of one incapable of express contract. The statute abrogates a legal liability. There is no indication there was any exception to any child. Since there can be no legal liability without a contract, the plaintiff failed to state a cause of action and the evidence failed to support the allegations sufficient to authorize a submission of the case to the jury. The court erred in failing to sustain a demurrer to the petition and an objection to the introduction of any evidence in support thereof.

The cause is reversed and remanded with directions to vacate the judgment entered for plaintiff and to enter judgment for defendants in accordance with the views herein expressed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, WILLIAMS and BLACKBIRD, JJ., concur.