Walter ANDERSON, Plaintiff in Error,

v.

Jack COPELAND, d/b/a Copeland Equipment Company, Defendant in Error.

No. 39572.

Supreme Court of Oklahoma.

Feb. 19, 1963.

Walter Hubbell, Hugh F. Fitzsimons, Walters, for plaintiff in error.

Funston Flanagan, Walters, for defendant in error.

PER CURIAM.

This is an appeal from the District Court of Cotton County. The parties will be referred to in this Court as they appeared in the court below.

Plaintiff, Jack Copeland, doing business as Copeland Equipment Company, brought this action against defendant, Walter Anderson, to recover for the rental value of a tractor owned by plaintiff which was in defendant's possession for approximately two weeks.

The facts giving rise to this claim were for the most part undisputed. Defendant orally agreed to purchase a used tractor from plaintiff for the sum of $475.00. For eleven days thereafter defendant attempted to borrow money to cover the purchase price but was unable to, and so advised plaintiff. Plaintiff asked defendant to return the tractor, which was done within a few days. The only dispute appears to be in that defendant says the sale was conditioned on defendant's ability to borrow money to pay for it, while plaintiff says the sale was final and without conditions. In any event, both parties agree that the sale contract was rescinded when plaintiff asked that the tractor be returned.

The case was tried to a jury which returned a verdict for plaintiff in the amount of $50.00. Defendant's motion for new trial was overruled and he appeals.

It appears from the facts that the parties instead of attempting to enforce such

rights as they may have had under the sale contract, rescinded it. The parties were then in the same position as before the agreement was made, except that defendant had had the use of plaintiff's tractor without paying for it. Under those circumstances the law would imply a contract for defendant to pay the reasonable rental value of the tractor; otherwise defendant would be unjustly enriched.

In the first paragraph of the syllabus in Piggee v. Mercy Hospital, 199 Okl. 411, 186 P.2d 817, we held:

"Contracts implied by law, or more properly quasi or constructive contracts, are a class of obligations which are imposed or created by law without regard to the assent of the party bound, on the ground that they are dictated by reason and justice, and may be enforced by an action ex contractu."

Defendant contends that there cannot exist at the same time an express contract and an implied contract between the same parties covering the same subject matter. This statement of law is not applicable in the instant case for the reason that the subject matter of the express contract was a sale, whereas the subject matter of the contract implied in law was a rental. The case of Berry v. Barbour, Okl., 279 P.2d 335, is somewhat similar. In that case a contractor was employed to make improvements and repairs of the owner's building. During the owner's absence in Europe, the roof of the building was partially destroyed by fire without the fault of the contractor who made necessary repairs of the fire damage, without knowledge of the owner. We held that a quasi contract arose obligating the owner to reimburse the contractor for the reasonable cost of material and labor furnished.

Defendant further contends that the trial court's instructions to the jury were erroneous. The instruction requested by defendant, however, covered contracts implied in fact. Such instruction was not applicable. In First Nat. Bank of Okmulgee v. Matlock, 99 Okl. 150, 226 P. 328, 36

A.L.R. 1088, we distinguished between contracts implied in fact and contracts implied in law. In the former the intention of the parties is ascertained and enforced. We believe that the instructions to the jury in the instant case sufficiently covered the law to be applied to the facts. There was ample evidence in the case to support the verdict of the jury and the trial court's judgment rendered thereon.

Affirmed.

The Court acknowledges the aid of Supernumerary Judge CLYDE M. FOLLOWELL in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

BLACKBIRD, C. J., HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.