## HOPKINS v. STITES.

No. 7319—Opinion Filed May 28, 1918.

Rehearing Denied June 25, 1918.

(173 Pac. 449.)

**1. Malicious Prosecution — Probable Cause —Question for Court.**

In an action for malicious prosecution what amounts to probable cause is a question of law for the court, and to leave the question of what amounts to probable cause to the jury is prejudicial error.

**2. Same—Instruction.**

Where evidence is given to prove or disapprove probable cause, it is the duty of the court to submit to the jury the credibility of such evidence, with an instruction as to what facts amount to, or do not amount to, probable cause, as the case may be.

**3. Appeal and Error—Erroneous Instruction—Cure—Waiver.**

If a court undertakes to instruct a jury as to the law and does so incorrectly, such error is not cured or waived by failure to request a proper instruction as to the law.

(Syllabus by Collier, C.)

Error from District Court, McClain County; F. B. Swank, Judge.

Action by G. R. Stites against F. M. Hopkins. Judgment for plaintiff, motion for new trial overruled, and defendant brings error. Reversed and remanded.

Franklin & Mauldin and L. T. Cook for plaintiff in error.

J. B. Dudley, for defendant in error.

Opinion by COLLIER, C. This is an action brought by the defendant in error against the plaintiff in error, to recover damages for a malicious prosecution. The case was tried to a jury, and judgment rendered in favor of the plaintiff in error in the sum of $500. Timely motion was made for a new trial, which was overruled, excepted to, and error brought to this court.

For convenience, the parties will hereinafter be referred to as they appeared in the trial court.

On the trial of the case, it was admitted by the defendant that the plaintiff was arrested upon the complaint of defendant without the O. K of the county attorney, or advice of any attorney, and was charged with obtaining money under false pretense, and that plaintiff was tried before a committing magistrate, and discharged for insufficient evidence. The uncontradicted evidence shows that the alleged false pretense with which plaintiff was charged was an alleged misrepresentation that a house built by plaintiff had been completed, and accepted by defendant; that the said house was erected by plaintiff for the defendant under a contract: that the money to be paid for said building was to be deposited in the First National Bank of Blanchard, to be paid to plaintiff upon the satisfactory completion and acceptance of the house, and that said money was so deposited in the bank; and that defendant drew from said bank said money, upon representing to said bank that said building had been completed and accepted. The evidence is in sharp conflict is to whether or not the house had been completed and accepted at the time said statement was made by the plaintiff to the bank, and the money drawn from the bank by the plaintiff.

Among other instructions the court instructed the jury as follows:

"In the case under consideration the defendant admits that a prosecution against plaintiff was commenced, and that it was instituted by the defendant, and that it has been terminated in plaintiff's favor, but he denies that said prosecution was malicious, or that it was instituted without probable cause; and as to whether or not it was either malicious or without probable cause it is for you, the jury, to say, under the instructions herein given."

We have carefully examined the general instructions of the court, and find that the error committed in giving said instruction No. 8 is not cured by any other instruction given by the court. We are of the opinion that in giving said instruction No. 8, the court committed reversible error, as said instruction is in direct conflict with Dunnington v. Loeser, 48 Okla. 633, 140 Pac. 1161, 150 Pac. 874, in which case it is held:

"In an action for malicious prosecution, the question of what amounts to probable cause is one of law for the court. It is therefore the duty of the court, when evidence has been given to prove or disapprove probable cause, to submit to the jury its credibility, with the instruction that certain facts amount to probable cause, or they do not, as the case may be."

It is, however, insisted by the plaintiff that if the giving of said instruction was an error, it was not a prejudicial error for the reason that the case was, at the instance of the defendant, tried upon the theory that the jury should determine what amounts to probable cause, and that under the well-established rule of this court that the theory upon which the case was tried in the count below cannot be changed on appeal, and that to hold as prejudicial error the giving of such instruction would be to permit a change of the theory upon which the case was tried. We are of the opinion that this contention of the defendant is not well taken, as the ground upon which said contention rests does not come within the rule of changing the theory upon which the case was tried below; the only thing shown by the record to sustain the connection of the change of theory in this court being the instructions requested by defendant which were refused, and this we think not sufficient to sustain said contention of the defendant.

In the well-considered opinion of Commissioner Brett, now a justice of this court, upon a petition for rehearing in Dunnington v. Loeser, supra, 48 Okla. 636, 149 Pac. 1161, 150 Pac. 874, it is said:

"The petition also insists that, inasmuch as the defendant did not request a proper instruction, it is now too late to complain because one was not given. But we understand the rule to be, if the instruction given is correct, and either party wants the law more fully stated upon the doctrine upon which the court is charging, then, before they can be heard to complain. they must request such instruction as they desire given. But if the court undertakes to instruct the jury as to the law, and does so incorrectly, this is prejudicial error. Chicago, R I. & P. Ry. Co. v. Baroni, 32 Okla. 540, 122 Pac. 926; St. L. & S. F. R. Co. v. Crowell, 33 Okla. 773, 127 Pac. 1063; Robinson v. McIver et al. (Tex. Civ. App.) 23 S. W. 1915. And the instruction complained of in the case at bar seems to have been copied verbatim et punctuatim from Michael v. Matson, supra, and that instruction was held by the Kansas court to be bad, and 'ground for reversal,' which holding, we think, is correct. Besides, if it is true 'that the question of what facts are sufficient to constitute probable cause is. purely a question of unmixed law,' it could be nothing short of fundamental error to leave that question to the jury, and the error would not be cured or waived by a failure to request an instruction upon that point. To adopt a lax rule favorable to actions for malicious prosecution, would be to open the door to such actions, to turn society over to the lawless, and to create a dread on the part of any one who dares to prosecute them. 'Actions for malicious prosecution have never been favored in law,' and we hardly think we have reached that guileless age in which we can afford to take down the bars. We think the rule announced in the original opinion is correct, both as a matter of law and public policy, and that a rehearing should be denied."

The court having instructed the jury that that which constitutes probable cause is a question of fact, while what constitutes probable cause is a question of law, the giving of instruction No. 8, the other instruction of the court not curing said error, must work a reversal of this case, and render unnecessary a review of any other error assigned.

This cause is reversed and remanded.

By the Court: It is so ordered.