### McCLELLAN v. THORNE.

No. 13323—Opinion Filed April 14, 1925.

**1. Appeal and Error — Reversible Error— Incorrect Instruction.**

If the court undertakes to instruct a jury as to the law, and does so incorrectly, it constitutes reversible error, and, such error is not cured or waived by failure to request a proper instruction as to the law.

**2. Same—Failure to Request Correct Instruction.**

An instruction given by the court, which is correct so far as it goes, but is not as full and explicit as it should be, does not constitute reversible error, in the absence of a special request, correctly setting forth the instruction as it should have been given.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Choctaw County; G. M. Barrett, Judge.

Action by Mrs. C. D. Thorne against A. E. McClellan. Judgment for plaintiff, and defendant appeals. Affirmed.

R. H. Stanley, for plaintiff in error.

E. A. Blythe, for defendant in error.

Opinion by JONES. C. This action was instituted in the district court of Choctaw county, Okla., by the defendant in error, as plaintiff, against plaintiff in error, as defendant in the trial court to recover damages for an alleged personal injury, resulting from a collision between a delivery wagon in which the plaintiff was riding and an automobile driven by the defendant. The collision is alleged to have been the result of the negligence on the part of the defendant, in the manner in which he operated his automobile. The principal allegation of negligence alleged is that the defendant was driving his car at an excessive rate of speed and on the wrong, or left-hand, side of the street.

On the trial of the case to a jury a verdict was returned in favor of the plaintiff for damages in the sum of $250, motion for a new trial was filed and overruled, and judgment rendered by the court in accordance with the verdict of the jury, from which order and judgment the appellant prosecutes this appeal.

The facts, as disclosed by the record, show a very sharp conflict in the evidence, and whether or not there is a preponderance of evidence on the part of the plaintiff is doubtful; however this is a matter for the determination of the jury under proper instructions, and the errors alleged by the appellant are alleged errors of the court in giving certain instructions. The court, in conformity to the pleadings, instructed the jury, in discussing the pleadings filed in the case, that one of the facts of negligence alleged by the plaintiff was that the defendant—

"Carelessly and negligently drove his car to the left side of south Third street at said intersection at a high rate of speed." etc.,

—thereby specifically calling the jury's attention to the allegations of plaintiff's petition alleging negligence on the part of the defendant by reason of the fact that he was driving the car on the left-hand side of the street at the time the collision occurred. The court also called the attention of the jury to the fact that the defendant, in his answer to plaintiff's petition, stated:

"That in order to avoid a collision he turned his car angling on south Third street in a southeasterly direction in order to prevent a collision."

Hence, the question of whether or not the defendant was guilty of negligence in that he was driving his car, at the time of the collision, on the left-hand side of the street was squarely made an issue in the case and constitutes a material part of the theory of defendant's defense, and the appellant complains that the court failed to submit to the jury defendant's theory or defense. The defendant also averred in his answer that the driver of the wagon in which the plaintiff was riding struck the horse drawing said vehicle just preceding the collision, causing the horse to lunge forward, which was the direct result of said collision, and the court gave the jury an instruction on this particular phase of the defense, wherein he instructed the jury that if they should find that if the driver of the wagon in which the plaintiff was riding suddenly accellerated his speed and thereby caused the collision, that the defendant, who was approaching from the left, would not be liable for damages by reason of such collision, but in the same instruction the court told the jury:

"That under the statutes of Oklahoma vehicles meeting each other should keep to the right of the center of the road. * * *"

And in the fourth paragraph of the instructions the court, in attempting to instruct the jury on the defendant's theory of the case, based his right to defeat the action on the fact that he was driving his car on the right-hand side of south Third street at a safe and moderate rate of speed,

etc. Thus again calling the attention of the jury to the necessity of the defendant to respect the traffic laws, and making no exceptions to the general rule, requiring all persons to drive on the right-hand side of the public thoroughfares, and nowhere in the instructions does the court submit to the jury the effect of the rule within which the defendant attempts to bring his defense in excusing himself from being on the left-hand side of the street at the time the collision occurred.

The fact, however, that the court did instruct the jury partially on this phase of the case was sufficient in the absence of a specific request on the part of the defendant, presenting a proper instruction according to the defendant's theory, which would have been more explicit and fully covering the theory of the defense, offered by the defendant, and if this was the only error assigned, we would not hold that it was sufficient to justify a reversal of the case. The appellant, however, calls attention to other errors committed by the court in giving the instructions, which we think sufficient to require a reversal of the case.

At the close of the third paragraph of the instructions the court attempts to define the term "negligence" as follows:

"The term 'negligence,' as used in this instruction, is the unintentional failure of the person to perform a duty implied by law, whereby damage naturally and proximately results to another."

No authority is cited, and we have been unable to find one, which gives or uses this language as a definition for negligence. Negligence is defined by our statute, section 2314, Comp. Stat. 1921, as follows:

"The terms 'neglect,' 'negligence,' 'negligent' and 'negligently,' when so employed, import a want of such attention to the nature or probable consequences of the act or omission as a prudent man ordinarily bestows in acting in his own concern."

And in 14 R. C. L. page 772, art. 39, the author announces the following rule:

"Where the law governing a case is expressed in a statute, the court in charging the jury should use the words there employed. Thus where a statute provides that exemplary damages may be given to deter the wrongdoer from repeating the trespass, it was held to be improper to charge that such damages might be given as a punishment of the defendant. But where a court defines a word in its own language which is defined by statute, it is not error if the definition given is correct, and the court qualifies the wording of the statutes in such a manner as to make it conform to the judicial constructions of its meaning."

The term "negligence" has frequently been defined by the courts of this state in language other than that used in the statutes, but we find no definition such as was given in this case, and the word "unintentional," used by the trial court in its definition, in our judgment, is confusing and has no proper place in a definition of negligence. The question of intent is not a material element of negligence, except where punitive or exemplary damages are sought, and where there is an allegation charging wanton and willful negligence; no such allegation is found in the plaintiff's petition, and the damage shown and recovered was actual damages and not punitive. And in our judgment the definition given in this case was incorrect and prejudicial to the defendant because he alleged and testified that he intentionally drove his car to the left hand side of the street, which act is alleged to be negligence by the plaintiff.

This court has held, in the case of Hopkins v. Stites, 70 Okla. 177, 173 Pac. 449, that:

"If the court undertakes to instruct a jury as to the law and does so incorrectly, such error is not cured or waived by failure to request a proper instruction as to the law."

The same rule has been followed in Oklahoma Producing & Refining Co. v. Freeman, 88 Okla. 166, 212 Pac. 742. Negligence is the essence of all personal injury cases, and is the basis of the cause of action and the right of the plaintiff to recover damages, and while in the absence of a request or objections on the part of anyone it might not constitute reversible error, should the court neglect to give to the jury a definition of negligence, yet when it attempts to do so it is important that a correct definition be given, and negligence has been defined so often, and the Legislature having seen fit to give a statutory definition of same, a departure from the statutory definition and from the well established definition approved by the courts of this state is unwarranted, and we think justifies a reversal of this case. Errors of the trial courts, though slight, should not be unnoticed by the appellate courts where the evidence is in sharp conflict, unsatisfactory, and of such character as to cause the court to believe that upon a retrial of the case there might be a different result, which would be more nearly in accord with exact justice, and we therefore recommend that the case be reversed and a new trial granted.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 858, § 758; 4 C. J. p. 1031, § 3013; 38 Cyc. p. 1698. (2) 3 C. J. p. 850, § 756; 38 Cyc. p. 1693.