## BROWN v. ST. LOUIS & S. F. RY. CO. et al.

No. 20971. Opinion Filed June 14, 1932.

Eakes & Robinson and W. O. Moffett, for plaintiff in error.

E. T. Miller, Cruce & Franklin, and G. W. Satterfield, for defendants in error.

HEFNER, J. This is an action brought in the district court of Tulsa county by B. E. Brown against the St. Louis & San Francisco Railway Company, L. B. Remy, J. B. Burnett, and L. V. Stewart to recover damages because of an alleged malicious prosecution. Defendant Remy was the ticket agent for defendant company in the city of Tulsa, and defendants Burnett and Stewart were special officers in its employ. The case was tried to a jury, and, at the close of plaintiff's evidence, defendants demurred thereto, which demurrer was sustained and judgment entered in favor of defendants. Plaintiff has appealed and assigns the sustaining of the demurrer as error.

The evidence shows that on the night of February 26, 1928, the ticket office of defendant company, in the city of Tulsa, was robbed. At the time of the robbery, Remy was alone in the office. The man appeared at the window, threw a gun on Remy, and demanded all available cash. The robber obtained the money and left, and immediately thereafter Remy notified Tulsa police of the incident and gave them a description of the robber. After some investigation, conducted under the direction of Captain Nash, of the police force, evidence was discovered which tended to connect plaintiff with the robbery. A statement was obtained from Mr. Baxter and Mr. Mooney to the effect that, in the early part of the night preceding the robbery, plaintiff attempted to borrow a gun from each of them and stated to them that if he had a gun he knew where he could make a haul, and would divide with anyone who would furnish him with a gun. Plaintiff denied that he made these statements to them, and denied that he attempted to borrow a gun from either of them. Defendant Remy also informed the police that, at the time of the robbery, there was another man present assisting the robber. Suspicion pointed to Ray Downing as the accomplice. Mooney informed plaintiff Brown —also known as Tex—that the officers were looking for him for the Frisco depot robbery. Brown denied to Mooney that he had any knowledge of the robbery. He, however, addressed the following note to Downing and requested Mooney to deliver it to him:

"Roy this is Tex. If you can get off come down to my room for I am leaving in the

morning and I have got to see you on some important business don't fail to come I will be there all day. Just come on up and don't ask any questions. Tex."

Mooney delivered this note to Capt. Nash, who made a copy of it, retained the original, and sent the copy to Downing by Mooney. Brown was then placed under arrest, and, with his consent, his room was searched in an attempt to recover the stolen money and for the purpose of obtaining possession of certain clothing which Remy informed police the robber wore at the time of the robbery. Nothing was found in the search which tended to connect plaintiff with the crime. None of defendants up to this time had taken part in the investigation or arrest of plaintiff. The investigation was made under the supervision and direction of Capt. Nash, and plaintiff was arrested and placed in jail on his order. After plaintiff was placed in jail, defendant Remy was called to identify him as the man who committed the crime. At first, Remy failed to make such identification, but after further examination and closer inspection of his features, and after talking with the suspect and hearing his voice, finally identified him as the right man. The facts were then placed before the assistant county attorney of Tulsa county, who advised prosecution of plaintiff. Defendant Remy, upon such advice, signed and verified the preliminary complaint for plaintiff's arrest. Warrant was issued on this complaint and an examining trial was held, which resulted in holding plaintiff to the district court, without bail, to answer the charge of robbery with fire arms. Plaintiff was thereafter tried for this offense in the district court of Tulsa county and acquitted. This, in substance, constitutes the evidence offered by plaintiff.

It is insufficient to sustain a recovery. The burden was upon plaintiff to prove the absence of probable cause for the criminal prosecution. Bryan v. Lee, 123 Okla. 22, 252 P. 2; Dunnington v. Loeser, 48 Okla. 636, 149 P. 1161; 150 P. 874; Robertson v. Gibson, 62 Okla. 306, 162 P. 1120; Hopkins v. Stites, 70 Okla. 177, 173 P. 449; First State Bank v. Denton, 82 Okla. 137, 198 P. 874. He has failed to meet this burden. Statements made to the officers by Baxter and Mooney, and the note addressed to Downing by plaintiff, were sufficient showing of probable cause to authorize the arrest of plaintiff. The mere fact that he was acquitted by a jury does not, in itself, prove that the prosecution was without probable

cause. In the case of Lindsey v. Couch, 22 Okla. 4, 98 P. 973, it is said:

"In an action for malicious prosecution, proof of the acquittal of the accused by a jury on trial, on indictment, does not tend to show want of probable cause."

See, also, Central Light & Fuel Co. v. Tyron, 42 Okla. 86, 140 P. 1151.

Plaintiff contends that the case should have been submitted to the jury on the question of good faith of defendant Remy in identifying him as the man who committed the robbery. We do not agree with this contention. There is no evidence which tends to show that the identification was not made by Remy in good faith. It was therefore not error to refuse to submit this issue to the jury.

In Randleman v. Boeres (Cal.) 270 P. 374, the court said:

"An honest belief, reasonably founded, that one has clearly recognized an individual in the actual commission of a crime, secured by means of a close view of his features in the bright moonlight, furnishes probable cause to assume his guilt, without further circumstances."

The evidence is not sufficient to warrant a finding that defendant Remy was not honest in his belief that plaintiff was the guilty person. The demurrer to the evidence was properly sustained.

The judgment is affirmed.

RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.