704 P.2d 88 (1985)
In the Matter of L.G.M., Jr., a Delinquent Child.
No. J-84-129.
Court of Criminal Appeals of Oklahoma.
July 30, 1985.
As Corrected August 30, 1985.
C. Michael Zacharias, Claremore, for appellant.
Dynda Post, Asst. Dist. Atty., Claremore, for appellee.

*89 OPINION
PARKS, Presiding Judge:
The appellant, L.G.M., Jr., is a male child under the age of eighteen years who was adjudicated a delinquent child in the District Court of Rogers County, Case No. J-83-45. The juvenile petition alleged appellant had committed the act of Larceny of Merchandise. On January 4, 1984, the Honorable Edwin D. Carden, Associate District Judge, entered an order of adjudication, based on his finding that appellant had committed that offense. We affirm.
On December 17, 1983, the appellant entered a T.G. & Y. store in Claremore, Oklahoma seeking to exchange two cassette tapes. A salesgirl, Gail Ohlman, told appellant to get two new tapes from the electronics department while she checked with the manager about the exchange. When appellant returned with two new tapes, Mrs. Ohlman told him the exchange would not be allowed. She stapled appellant's old tapes in a paper sack, and appellant took the sack and the new tapes in the direction of the electronics department, obstensively to return the new tapes. As appellant departed, Ms. Ohlman asked Gail Ford, another salesgirl, to "keep an eye" on appellant. Ms. Ford saw appellant enter the electronics area, but he disappeared momentarily. When appellant returned to the front of the store, Ms. Ford stopped appellant and demanded that he open the sack. Inside, she discovered the two old tapes, together with the two new tapes. The store manager was called, and appellant was detained until police arrived.

I.
In his first assignment of error, appellant challenges the initial stop by Ms. Ford and the subsequent search of the sack. He contends Ms. Ford's actions were undertaken without probable cause. He argues the trial court therefore erred in failing to suppress the seized tapes. We disagree.
In response to the appellant's claim, the State seeks to justify the detention and search under the authority of 22 O.S. 1981, § 1343. This statute provides, in pertinent part, that:
Any merchant, his agent or employee, who has reasonable grounds or probable cause to believe that a person has committed or is committing a wrongful taking of merchandise or money from a merchantile establishment, may detain such person in a reasonable manner for a reasonable length of time for all or any of the following purposes:
* * * * * *
(c) Performing a reasonable search of the detained person and his belongings when it appears that the merchandise or money may otherwise be lost ...
Testimony at trial indicated that Ms. Ford's reason for stopping and searching appellant was due to the fact that he had gone into the electronics department and, when he returned, the top of the sack was crumpled. Ms. Ford, however, could not tell at the time she stopped the appellant whether the sack had been opened. We cannot say this furnished a sufficient basis for probable *90 cause[1] to detain and search this appellant.
However, it does not follow that the fruits of the stop and search must be suppressed. We note that neither Section 1343 or 1344 provide any exclusionary sanction when Section 1343 is violated. And, we have previously held that the exclusionary rule of the Fourth Amendment has no application to this statute. Stanfield v. State, 666 P.2d 1294 (Okl.Cr. 1983) (Opinion on Rehearing). In Stanfield, we held:
In Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed.2d 1048 (1921), the Supreme Court stated that the Fourth Amendment protection against unlawful searches and seizures applies strictly to cases in which there is governmental action. A search conducted by a private citizen does not constitute a search within the meaning of the Fourth Amendment. Turner v. State, 542 P.2d 955 (Okl.Cr. 1975).
In this case, it is evident that the store security guard was acting as a private citizen. The State was neither directly nor indirectly involved in the search and detention of the appellant. Recently in Walter v. United States, 447 U.S. 649, 100 S.Ct. 2395, 2401, 65 L.Ed.2d 410 (1980), the Supreme Court stated that a "wrongful search or seizure conducted by a private party does not violate the Fourth Amendment and ... such private wrongdoing does not deprive the government of the right to use evidence that it has acquired lawfully."
Accordingly, while the stop and search were conducted without probable cause, no authority exists under current statutory or constitutional law to require suppression of the seized evidence. We therefore cannot say the trial court erred in refusing to suppress this evidence.
In a related argument, appellant challenges the constitutionality of Section 1344,[2] the companion statute to Section 1343. Appellant claims Section 1344 unlawfully creates a presumption of probable cause in favor of the State if the accused individual is found in possession of stolen merchandise. This argument, however, misconstrues the intent of Section 1344. Rather than create a presumption in favor of the State in criminal prosecutions for shoplifting, Section 1344 creates a presumption to protect the merchant in a civil suit or criminal prosecution for false imprisonment. See 35 C.J.S., False Imprisonment, § 55. Section 1344 has no application to these facts.
This assignment of error is without merit.

II.
Appellant's second assignment of error is also without merit. The record on appeal gives no indication that the trial court abused its discretion when it allowed the State to reopen its case to introduce the tapes, particularly after a prima facie case of delinquency had already been established. See Jones v. State, 584 P.2d 224 (Okl.Cr. 1978).
*91 The order of the District Court adjudicating appellant to be a delinquent child is AFFIRMED.
BRETT, J., concurs.
BUSSEY, J., not participating.
NOTES
[1] In Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964), the Supreme Court declared that police have probable cause to effect an arrest where

... the facts and circumstances within their knowledge and of which they [have] reasonable trustworthy information [are] sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.
Id. at 91, 85 S.Ct. at 225.
[2] § 1344. Concealing unpurchased merchandise-Presumption

"Any person concealing unpurchased merchandise of any mercantile establishment, either on the premises or outside the premises of such establishment, shall be presumed to have so concealed such merchandise with the intention of committing a wrongful taking of such merchandise within the meaning of Section 1341 of this title, and such concealment or the finding of such unpurchased merchandise concealed upon the person or among the belongings of such person shall be conclusive evidence of reasonable grounds and probable cause for the detention in a reasonable manner and for a reasonable length of time, of such person by a merchant, his agent or employee, and any such reasonable detention shall not be deemed to be unlawful, nor render such merchant, his agent or employee criminally or civilly liable."