2000 OK 24

**Barry CALLAWAY, Appellant,**

v.

**PARKWOOD VILLAGE, L.L.C., Appellee.**

**No. 91,887.**

Supreme Court of Oklahoma.

April 4, 2000.

J. Hugh Herndon, Herndon and Kimbrough, Midwest City, Oklahoma, for Appellant.

Rodney C. Ramsey, Hall Estill, Hardwick, Gable, Golden & Nelson, P.C., Oklahoma City, Oklahoma, for Appellee.

HARGRAVE, V.C.J.

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

¶ 1 Appellant, Callaway filed a petition in district court, alleging that the appellee had fraudulently obtained a $470.00 default judgment against him in a small claims case. Callaway alleged that the Appellee never obtained service upon him, knew at the time that it took the judgment, that Callaway did not owe the debt and that he had no notice of the case. Callaway contended that he was damaged by the void judgment because it adversely affected his ability to obtain credit and adversely affected his business reputation for honesty and veracity.

¶ 2 Appellee filed a motion to dismiss, claiming that the petition failed to state a claim upon which relief could be granted. The trial judge granted appellee's motion to dismiss and Callaway appealed. The Court of Civil Appeals affirmed. The Court of Civil Appeals determined that the petition attempted to state a claim either for malicious prosecution or abuse of process. Relying upon *Reeves v. Agee*, 1989 OK 25, 769 P.2d 745, the Court of Civil Appeals determined that because appellant failed to include the judgment roll from the small claims case as part of the record on appeal, then the Court of Civil Appeals could not determine whether the small claims judgment was, in fact, void, and, thus, must presume that the trial court's dismissal was correct.

## DISCUSSION

¶ 3 In the present matter, the appellant is appealing from the trial court's dismissal for failure to state a claim in an action involving an abuse of process claim. The standard of review for an order dismissing a case for failure to state a claim is found in *Hayes v. Eateries, Inc.*, 1995 OK 108, 905 P.2d 778, 780. Hayes states:

> Review of a trial court's dismissal for failure to state a claim upon which relief can be granted is de novo and involves consideration of whether a plaintiff's petition is legally sufficient. *Gay v. Akin*, 766 P.2d 985, 989 fn. 13 (Okla.1988). When reviewing such a dismissal an appellate court must take as true all of the challenged pleading's allegations together with all reasonable inferences which may be drawn from them. *Great Plains Federal Savings and Loan Association v. Dabney*, 846 P.2d 1088, 1090 fn. 3 (Okla.1993). "A pleading must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the litigant can prove no set of facts which would entitle him to relief." *Frazier v. Bryan Memorial Hospital Authority*, 775 P.2d 281, 287 (Okla.1989) (emphasis in original).

¶ 4 Furthermore, in *Lockhart v. Loosen*, 1997 OK 103, ¶ 5, 943 P.2d 1074, 1078, this Court opined that "[g]enerally, motions to dismiss are viewed with disfavor. Under most circumstances a plaintiff's petition is only dismissible (1) for want of a cognizable legal theory of liability or (2) for insufficient facts under the advanced theory."

¶ 5 In applying these standards in the present case, it is necessary to review the elements of an abuse of process claim. The elements of an abuse of process claim are "(1) the improper use of the court's process (2) primarily for an ulterior or improper purpose (3) with resulting damage to the plaintiff asserting the misuse." *Greenberg v. Wolfberg*, 1994 OK 147, ¶ 22, 890 P.2d 895, 905 (footnotes omitted).

¶ 6 In reviewing this dismissal for failure to state a claim, we must take as true all of the challenged pleading's allegations,

together with reasonable inferences which may be drawn from them. Upon reviewing the four corners of appellant's original petition in this matter, and taking these allegations as true, appellant did not fail to state a claim for which relief could be granted. Appellant clearly stated in his petition that: (1) the appellee improperly used the court's process, by obtaining a default judgment against the appellant without service concerning a lease to which he was not a party; (2) this was done purposefully to harm the appellant; and (3) that the appellee did indeed cause harm to appellant's reputation. Appellant has shown a cognizable legal theory of liability and sufficient facts under the advanced theory. Therefore, appellant has stated a claim for which relief can be granted.

¶ 7 Next, we must address the Court of Civil Appeals' interpretation of *Reeves v. Agee*, 1989 OK 25, 769 P.2d 745, as far as they address the lack of the judgment roll in the record in the present matter. The Court of Civil Appeals held below in the instant matter that as a result of the appellant's failure to include the judgment roll from the small claims court as part of the record on appeal, the Court of Civil Appeals could not determine whether the small claims judgment was void and thus concluded that the trial court was correct. However, *Reeves v. Agee*, is distinguishable from the matter at hand. The trial judge in *Reeves* determined that the petition failed to state a claim in a malicious prosecution action. In so doing, the judge took judicial notice of the judgment roll in the prior suit, which was relied upon by the trial court in reaching the decision.[1] This roll was not made part of the appellate record. The parties unequivocally admitted in their briefs to the particulars of the judgment roll. Failure to correct that deficiency would have been fatal to the appeal as the trial court relied upon this judgment roll in

rendering a decision. However, the parties made admissions in their briefs which corrected the defect. *Reeves* at ¶ 16, 755.

¶ 8 Upon a review of the summary disposition record[2] in the present case, the judgment roll in the small claims case was not examined or relied upon by the district court in rendering its decision.[3] Thus, the Court of Civil Appeals had the identical materials as the trial court. Therefore since the trial judge did not review the judgment roll, or take judicial notice of the judgment roll in the small claims case, it would have been improper to include the judgment roll of that previous case as a part of the record on appeal. *Frey v. Independence Fire & Casualty Company*, 1985 OK 25, ¶¶ 6–8, 698 P.2d 17, 20. The failure to include the judgment roll in the small claims case as a part of the record on this appeal should not have formed the basis for the Court of Civil Appeals' affirmance of the trial court's dismissal. It was not necessary for the plaintiff to include the judgment roll to withstand a motion to dismiss at this stage of the proceedings. Therefore, we vacate the opinion of the Court of Civil Appeals, reverse and remand this matter to the trial court with instructions to allow this matter to proceed.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; ORDER OF THE TRIAL COURT REVERSED AND REMANDED WITH INSTRUCTIONS.**

¶ 9 CONCUR: SUMMERS, C.J., HODGES, LAVENDER, OPALA, KAUGER, WATT, and WINCHESTER, JJ.

¶ 10 DISQUALIFIED: BOUDREAU, J.

---

1. The elements of malicious prosecution require that the plaintiff show that the defendant maliciously instituted a court action, without probable cause, in which the plaintiff was successful in defending, and resulted in damages to the plaintiff. *Reeves v. Agee*, 1989 OK 25, ¶ 12, 769 P.2d 745, 752. Therefore, the trial court would be required to review the judgment roll to determine if the plaintiff was successful in defending the prosecution.

2. The record in a summary disposition case contains only the materials reviewed by the trial court when making its decision. Rule 1.36 of the Oklahoma Supreme Court Rules.

3. Examining the Judgment roll in this matter was not necessary as this is an abuse of process claim. The plaintiff in such an action is not required to show that he/she was successful in the underlying action to be successful in maintaining such an action.