2002 OK CIV APP 73

**Terri ROBERTS, individually, and as mother and next friend of Rachel Roberts and Taylor Roberts, Plaintiff/Appellant,**

v.

**GOODNER'S WHOLESALE FOODS, INC., d/b/a Buy For Less, and John E. Roberts, Defendants/Appellees.**

**No. 96,649.**

Court of Civil Appeals of Oklahoma, Division No. 1.

April 26, 2002.

Certiorari Denied July 2, 2002.

Laurie W. Jones, Robin A. Wiens, Welch & Smith, P.C., Oklahoma City, OK, For Plaintiff/Appellant.

Richard Glasgow, King Law Firm, Oklahoma City, OK, For Defendants/Appellees.

Opinion by KENNETH L. BUETTNER, Judge.

¶1 Terri Roberts (Mother), individually and as mother and next friend of Rachel Roberts and Taylor Roberts (Daughters),

sued Goodner's Wholesale Foods, Inc. d/b/a Buy For Less, and John E. Roberts (respectively, Store and Roberts, or collectively, Defendants) for malicious prosecution, false arrest, false imprisonment, defamation,[1] and abuse of process as a result of Store's detention of Mother and Daughters—through Roberts—and subsequent criminal charges against Mother for petty larceny. The trial court granted Defendants' Motion for Summary Judgment based on the presence of probable cause. We affirm.

¶2 On August 6, 1996, Mother and her eight- and four-year-old daughters went to the Store in Norman, at approximately 10:00 p.m. Roberts, Store's security guard, observed Mother in an isolated part of Store placing packs of cigarettes from her shopping cart into her purse. When Mother failed to pay for the cigarettes, Roberts detained her after checkout and determined that five of the seven packages of cigarettes had Store's "mark" on them. Mother and Daughters were detained pending arrival of a Norman police officer who issued Mother a citation for petty larceny and allowed her to leave.

¶3 Upon filing of municipal misdemeanor charges the City Attorney and Mother's counsel reached an agreement, under which Mother agreed to forego any civil action against Store and the City Attorney agreed to dismiss the criminal charge. The City Attorney did in fact dismiss the criminal charge against Mother without prejudice. There is no evidence that Store was made aware of the agreement and dismissal.

¶4 Mother thereafter filed a civil action against Store. When Store was served, it inquired into the status of the criminal charge and, upon learning it had been dismissed without prejudice, sought to refile it with the agreement of the City Attorney.

After the criminal charge was refiled, Mother dismissed the civil action. Mother was ultimately tried and acquitted on the refiled criminal charge in 1998. She then filed a second civil action against Store and Roberts in 1999. Store filed its motion for summary judgment, asserting it had probable cause to detain Mother on a shoplifting complaint. The trial court agreed, granted judgment to Store, and Mother appeals.

¶5 In this accelerated review proceeding,[2] Mother asserts that the evidentiary materials on summary judgment demonstrate a question of fact on the existence of probable cause for her detention. Particularly, Mother avers her evidentiary materials establish that she purchased the cigarettes during a previous visit to Store in preparation for a trip; that she therefore had seven packs of cigarettes in her purse (five from Store, two bought elsewhere), as well as candy, children's medicines, and other goods in her purse at the time of her detention; and that she was observed putting the cigarettes in her purse after her children turned the purse over and spilled its contents out into the shopping cart. Mother also complains that Roberts refused to let her take her daughter to the rest room and instead had a female Store employee escort the child. While Mother insists she was not allowed to call someone to pick Daughters up, Roberts insists he would have allowed that request.

¶6 False arrest has been defined as "an unlawful restraint of an individual's personal liberty or freedom of locomotion.... An arrest without proper legal authority is a false arrest and because an arrest restrains the liberty of a person it is also a false imprisonment." Black's Law Dictionary (5th Ed.1979).[3] This court has held

---

1. Mother apparently abandoned the defamation claim.

2. The matter stands submitted for accelerated appellate review on the trial court record under Rule 13(h), Rules for District Courts, 12 O.S. Supp.1993, Ch. 2, App., and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. Supp.1997, Ch. 15, App.

3. Although false arrest and false imprisonment are often used interchangeably, "there is a dis-

tinction in the manner in which causes of action for false arrest and false imprisonment arise ....
in a false arrest, false imprisonment exists, but the detention is by reason of an asserted legal authority to enforce the processes of the law; in a false imprisonment, the detention is purely a matter between private persons for a private end, and there is no intention of bringing the person detained before a court, or of otherwise securing the administration of the law." *McGlone v. Landreth*, 1948 OK 85, 195 P.2d 268, 271, 200 Okla. 425, citing 22 Am.Jur., p. 354, § 3.

that an arrest without probable cause is a false arrest. See *Overall v. State*, 1995 OK CIV APP 107, 910 P.2d 1087. In an action for false arrest, a plaintiff has the burden of proving lack of probable cause. *Irwin v. SWO Acquisition Corp.*, 1992 OK CIV APP 48, 830 P.2d 587, 590. In an action for malicious prosecution, the burden rests on the plaintiff to prove 1) that the defendant maliciously instituted the action; 2) without probable cause; 3) which the plaintiff successfully defended; and 4) with resulting damage to the plaintiff. *Callaway v. Parkwood Village, L.L.C.*, 2000 OK 24, 1 P.3d 1003, 1005, n. 1. Finally, the elements of an abuse of process claim are 1) the improper use of the court's process; 2) primarily for an ulterior or improper motive; 3) with resulting damage to the plaintiff. *Id.*, 1 P.3d at 1004.

■ ¶ 7 "Probable cause" is defined as "reasonable cause" or "an honest suspicion or belief ... founded upon facts sufficiently strong to warrant the average person in believing the charge to be true," and the *existence of probable cause is a complete defense.* *Lewis v. Crystal Gas Co.*, 1975 OK 26, 532 P.2d 431, 433. (Emphasis supplied). The following statutory provision is applicable in the instant case:

> Any person concealing unpurchased merchandise of any mercantile establishment, either on the premises or outside the premises of such establishment, shall be presumed to have so concealed such merchandise with the intention of committing a wrongful taking of such merchandise ..., and such concealment or the finding of such unpurchased merchandise concealed upon the person or among the belongings of such person shall be *conclusive evidence* of reasonable grounds and probable cause for the detention in a reasonable manner and for a reasonable length of time, of such person by a merchant, his agent or employee, and any such reasonable detention shall not be deemed to be unlawful, nor render such merchant, his agent or employee criminally or civilly liable. (Emphasis added.)

22 O.S.1991 § 1344. This statute has been held to create a presumption of probable cause to protect a merchant in a civil suit for false imprisonment. *Matter of L G.M.*, 1985 OK CR 97, 704 P.2d 88, 90. It has also been held that in an action for malicious prosecution, whether probable cause exists is a question of law for the court. *Ewing v. Kutch*, 1958 OK 214, 330 P.2d 361, 362, citing *Hopkins v. Stites*, 70 Okla. 177, 173 P. 449 (1918). Additionally, the fact that a plaintiff has been bound over for trial on the criminal matter constitutes prima facie evidence of the existence of probable cause for the detention. See *Delong v. State, ex rel. Okla. Dept. of Public Safety*, 1998 OK CIV APP 32, 956 P.2d 937 (affirmed summary judgment in favor of State on issue of probable cause in false arrest case, based on finding that nolo contendere plea in the underlying criminal matter established probable cause to arrest.); *Christopher v. Circle K Convenience Stores, Inc.*, 1997 OK 27, 937 P.2d 77 (in false arrest case, summary judgment in favor of merchant was affirmed based on finding that plaintiff being bound over for trial in the underlying criminal matter barred relitigation of the existence of probable cause); *James v. Southwestern Ins. Co.*, 1960 OK 164, 354 P.2d 408, 412. Nor does later acquittal on the underlying criminal charge establish want of probable cause. *Missouri, Kansas and Oklahoma Coach Lines v. Meister*, 1958 OK 227, 330 P.2d 579.

■ ¶ 8 In the present case, Roberts witnessed Mother in a vacant aisle, checking behind her,[4] placing the packages of cigarettes in her purse from the shopping cart in which Daughters were sitting, proceeding through the checkout line and not paying for the cigarettes. Mother claimed that she purchased the cigarettes from Store and elsewhere several days earlier, that she simply put the seven packs of cigarettes in her purse along with numerous other items, and that Roberts merely observed her replacing the cigarettes in her purse after Daughters spilled them out. While Mother's statements created a factual dispute as to whether she was guilty of larceny, which was successfully

4. While Roberts insists Mother looked around and then put the cigarettes in her purse, Mother is equally insistent that she looked around after the fact.

resolved in her favor in the criminal trial, the observations by Roberts were sufficient to establish an honest suspicion that Mother concealed merchandise with the intention of committing a wrongful taking, i.e. probable cause to proceed with a criminal complaint.

¶ 9 We find the trial court correctly determined probable cause existed as a matter of law. Because probable cause is a complete defense to the claims made in the instant case, summary judgment in favor of Defendants is AFFIRMED.

JONES, J., concurs.

JOPLIN, V.C.J., dissents:

¶ 10 I dissent. In the present case, the store security guard attested that he observed Plaintiff in a vacant aisle, checking behind her, and placing the packages of cigarettes in her purse from the shopping cart in which her children were sitting. However, the security guard did not witness Plaintiff taking the cigarettes from a store shelf and placing them in her purse, a fact which the materials suggest the guard may or may not have revealed to the City attorney before filing (or refiling) of the criminal charges. Moreover, Plaintiff claimed that she purchased the cigarettes from Store and elsewhere several days earlier, that she simply put the cigarettes in her purse along with numerous other items, and that the guard merely observed her replacing the cigarettes in her purse after her children spilled them out. Given these facts, I believe reasonable people might differ on whether the guard had probable cause to detain Plaintiffs. I would consequently hold the order of the trial court granting Defendant's motion for summary judgment should be reversed and the cause remanded for further proceedings.